## W. L. PARTLOW *v.* ARKANSAS STATE POLICE COMMISSION

80-206                                                         609 S.W. 2d 23
Supreme Court of Arkansas
Opinion delivered December 8, 1980

*McArthur & Lassiter, P.A.*, by: *William C. McArthur*, for appellant.

*Steve Clark*, Atty. Gen., by: *Alice Ann Burns*, Asst. Atty. Gen., for appellee.

JOHN F. STROUD, Justice. This is an appeal by a former Arkansas State Trooper from the termination of his employment for an alleged violation of a rule of the Department. As we find ample evidence to support the rule violation, we affirm the action of the Commission and the Circuit Court.

On September 10, 1975, at the instruction of his sergeant, appellant took custody of a 1974 Yamaha motorcycle which reportedly had been stolen in Missouri. He thereafter prepared and filed a form indicating that the motorcycle had been seized and was being stored at a wrecker company in Marshall, Arkansas. However, due to a lack of space at the

wrecker company, it was actually stored by appellant in a leased building near his residence in the country. He testified that he talked to his sergeant two or three months later and was told to hold the motorcycle and someone would come after it. No one did come, and appellant had the motorcycle licensed in his name in May of 1976 by inserting his name in a pre-notarized open title seized with the motorcycle and by presenting the title to the local office of the Department of Finance and Administration. Appellant admitted that he rode it in the country something less than 100 miles during the summer of 1976. In August of 1976 the Arkansas State Police Rules and Regulations were revised, providing in Rule 11, as follows:

> No confiscated property, property held as evidence, property awaiting court disposition or other property not specifically or legally conferred to a member of this Department shall be converted by any member of this Department to the member's use and/or benefit.

Appellant testified that when he became aware of Rule 11 he put the motorcycle back in storage and did not drive it again, although he did admit that he thereafter renewed the license in his name in 1977 and 1978.

Arkansas State Police investigators conducted an investigation into the circumstances surrounding appellant's storage and usage of the motorcycle, resulting in his dismissal from the State Police by Colonel D. W. Harp, Director of the Department, for violation of Rule 11. Appellant appealed his termination to the Arkansas State Police Commission and, following a hearing on May 25, 1978, the decision of the director was affirmed. From that decision appellant appealed to the Pulaski County Circuit Court which, also, affirmed the decision to terminate his employment. Alleging that the circuit court erred in affirming the action of the Commission, appellant brings this appeal.

Appellant contends that the Commission's findings were unsupported by substantial evidence and that its affirmance of his dismissal was arbitrary, capricious and characterized by an abuse of discretion. These contentions, if established,

would justify reversal pursuant to the Administrative Procedure Act. Ark. Stat. Ann. § 5-713(h)(5) and (6) (Repl. 1976). Conversely, appellee asserts that there was ample evidence to support appellant's dismissal and that the action of the Commission was in all respects proper. It is well-settled that we must affirm the decision of an administrative agency if there is substantial evidence of record to support it. Substantial evidence is valid, legal and persuasive evidence; such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Jones* v. *State*, 269 Ark. 119, 598 S.W. 2d 748 (1980); *Pickens-Bond Const. Co.* v. *Case*, 266 Ark. 323, 584 S.W. 2d 21 (1978). In reviewing the entire record of the hearing before the Commission, we find there was sufficient evidence adduced of appellant's misconduct, particularly his own testimony, to support the findings of the Commission.

Appellant's other contention, that the Commission's action was arbitrary, capricious and abusive of its discretion, must be addressed within a more narrow standard of review. Administrative action may be regarded as arbitrary and capricious only where it is not supportable on any rational basis. *First National Bank of Fayetteville* v. *Smith*, 508 F. 2d 1371 (8th Cir. 1974); *White Co. Guar. S. & L.* v. *Farmers & Merchants Bank*, 262 Ark. 893, 562 S.W. 2d 582 (1978). To have administrative action set aside as arbitrary and capricious, the party challenging the action must prove that it was "willful and unreasoning action," without consideration and with a disregard of the facts or circumstances of the case. *First National Bank of Fayetteville* v. *Smith*, supra; *White Co. Guar. S. & L.* v. *Farmers & Merchants Bank*, supra. In the present case, appellant admitted riding the motorcycle and licensing it in his name, but contended that he did nothing to violate Rule 11 after he became aware of its adoption. The record does not indicate the rule in existence before Rule 11 was adopted, but it is quite clear that appellant did violate Rule 11 by continuing to license the motorcycle in his name after the revision in the rules was made known to him. Therefore, it was not error for the Commission to uphold appellant's dismissal from the Arkansas State Police, nor for the circuit court to affirm that decision.

Affirmed.