Kermit TUCK *v.* ARKANSAS
STATE POLICE COMMISSION et al

83-252                                          665 S.W.2d 276

Supreme Court of Arkansas
Opinion delivered March 12, 1984

*Robert A. Newcomb,* for appellant.

*Steve Clark,* Atty. Gen., by: *James W. Cullum,* Asst. Atty. Gen., for appellee.

STEELE HAYS, Justice. Kermit Tuck, an Arkansas State Policeman, was charged with violations of department policy by receiving compensation from the submission of a false invoice, installing unauthorized equipment on his patrol car and abusing his position by asking troopers under his command to "fix" tickets. As a result of these charges, the Acting Director demoted Tuck from the rank of Sergeant to trooper, and transferred him from Pine Bluff to Brinkley. Tuck sought review from the Arkansas State Police Commission which found the evidence supporting the charges sufficient. The Commission disapproved the disciplinary action taken by the Director and recommended instead that Tuck be dismissed from employment. Tuck then attempted to appeal to the Pulaski Circuit Court which held that it lacked jurisdiction because of inadequacies in prerequisite administrative procedures. The Director again considered the facts of the case, and a peer review committee's recommendation to demote and transfer, the Commission's original recommendation and made a decision to terminate Tuck. A second hearing was held before the Commission which voted to affirm its previous recommendation and to approve the Director's action to dismiss. Tuck appealed to the Circuit Court which found there was substantial evidence to support the finding of the Commission and that the recommendations of termination and subsequent approval of termination by the Director were within its authority. Tuck argues on appeal that 1) the Commission

exceeded its authority by "directing" that he be dismissed and that 2) if we do find the Commission acted within its authority, we nevertheless reduce the punishment as being too severe. Neither argument is sustained.

Appellant relies primarily on Ark. Stat. Ann. § 42-403.2 which provides:

> . . . . The Arkansas State Police Commission is hereby directed to hear appeals and approve, or disapprove, any disciplinary action taken against an employee by the Director that results in transfer or loss of rank, pay or seniority.

Appellant argues that the statute limits the Commission's authority to approve or disapprove the Director's actions, and that in this case the Commission "ordered" the Director to change the punishment from demotion and transfer, to dismissal. Appellant contends this action was in excess of the authority granted by the legislature, and the Commission has no power to order an increase in punishment.

The appellant's argument fails for two reasons. First, there was no "order" by the Commission to the Director to terminate Tuck. The Commission acted within the bounds of its statutory authority and disapproved the Director's disciplinary actions and then made only a recommendation for termination. The Director, after further proceedings and consideration, made a decision to follow the recommendation of the Commission. He might have chosen to punish Tuck more severely, for example, by suspending him for a certain period of time, in addition to the demotion and transfer; however, his decision was to terminate. The Commission's action did not leave the Director with no alternative *but* termination, and that question is not before us. Additionally, while the Commission's actions on review may effectively enhance a punishment ordered by the Director (as the trial court found occurred in this case) such action is within the bounds of the statutory authority on facts such as these. Inherent in the authority to disapprove disciplinary action is the obvious effect of enhancing or diminishing the action taken by the Director. Such is the

purpose of the Commission's authority.

The court specifically held in this case that the Commission by ". . . recommending termination of employment, effectively enhanced the disciplinary action taken against the petitioner . . ." However, the appellant does not really address the issue of authority to recommend, rather his argument rests on the premise that the Commission *ordered* or *directed* the punishment received and implicit in that argument, the idea that there was no discretion left to the Director, and as we stated earlier, we are not dealing with that situation here. As to the court's finding on the recommendation, we must read that within the context of the case. A recommendation is the method by which the Commission can communicate the reason for its action, and has no force of its own. Any force such recommendation carries is supplied solely from the fact that a recommendation is used in conjunction with the Commission's statutorily designated power of approval or disapproval of disciplinary action, and here, the Commission exercised its authority within those limits.

We find no merit in the appellant's request for a reduction in his punishment. Although appellant does not concede any wrongdoing, there was no dispute among the fact finders that the evidence substantiated the charges-offenses akin to criminal conduct by one charged with the duty of enforcing the law. As did the trial court, we find no reason to disturb the decision of the Commission as to the appropriate punishment to impose in this case, for violations of departmental rules.