ARKANSAS STATE POLICE COMMISSION *v.*
Rhodis SMITH

98-1096                                              994 S.W.2d 456

Supreme Court of Arkansas
Opinion delivered July 8, 1999

*Mark Pryor*, Att'y Gen., by: *Brian G. Brooks*, Ass't Att'y Gen., for appellant.

*McCullough Law Firm*, by: *R. S. McCullough*, for appellee.

R AY THORNTON, Justice. In this case, we review the decision of the appellant Arkansas State Police Commission (the Commission) to terminate an Arkansas State Police Officer, appellee Rhodis Smith, for violations of the Arkansas State Police's Code of Conduct that requires all employees to obey all laws and prohibits unbecoming conduct that brings the employee or the department into disrespect or otherwise brings the department into disrepute. The Commission determined that appellee's conduct in writing two hot checks and failing to make the checks good upon demand was a violation of the code, and imposed the sanction of termination from the state police.

On appeal the circuit court found that there was not substantial evidence to support the Commission's decision to terminate Mr. Smith's employment, and that the Commission's decision to terminate appellee's employment was arbitrary and capricious. The trial court reversed the Commission's decision to terminate appellee and imposed the disciplinary action of a six-month suspension without pay. The trial court directed that appellee be reinstated following the suspension.

The Commission appeals, contending that there was substantial evidence to support the its decision, and that the decision was not arbitrary or capricious. We agree, and accordingly the trial court is reversed and the Commission is affirmed.

## Standard of Review

■ The standard of review in this area of the law is well-developed. The appellate court's review is directed not toward the circuit court, but toward the decision of the agency. That is so because administrative agencies are better equipped by specialization, insight through experience, and more flexible procedures than courts, to determine and analyze legal issues affecting their agencies. *McQuay v. Arkansas State Board of Architects*, 337 Ark. 339, 989 S.W.2d 499 (1999); *Social Work Licensing Board v. Moncebaiz*, 332 Ark. 67, 962 S.W.2d 797 (1998); *Files v. Arkansas State Highway and Transportation Department*, 325 Ark. 291, 925 S.W.2d 404 (1996). Our review of administrative decisions is limited in scope. Such decisions will be upheld if they are supported by substantial evidence and are not arbitrary, capricious, or characterized by an abuse of discretion. *McQuay, supra*; *In re Sugarloaf Mining Co.*, 310 Ark. 772, 840 S.W.2d 172 (1992).

■ These standards are consistent with the provisions of the Administrative Procedure Act, Ark. Code Ann. §§ 25-12-201—25-15-214 (1996), which requires that the scope of appellate review under the Act be limited. According to the Act, it is not the role of the circuit courts or the appellate courts to conduct a *de novo* review of the record; rather, review is limited to ascertaining whether there is substantial evidence to support the agency's decision or whether the agency's decision runs afoul of one of the other criteria set out in section 25-15-212(h). *Arkansas Bd. of Exam'rs v. Carlson*, 334 Ark. 614, 976 S.W.2d 941 (1998). We review the entire record in making this determination. *Id.* We also note that in reviewing the record, the evidence is given its strongest probative force in favor of the agency's ruling. *Arkansas Health Servs. Agency v. Desiderata, Inc.* 331 Ark. 144, 958 S.W.2d 7 (1998). The Administrative Procedure Act states:

> (g) The review shall be conducted by the court without a jury and shall be confined to the record, except that in cases of alleged irregularities in procedure before the agency, not shown in the record, testimony may be taken before the court. The court shall, upon request, hear oral argument and receive written briefs.

(h) The court may affirm the decision of the agency or remand the case for further proceedings. It may reverse or modify the decision if the substantial rights of the petitioner have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:

(1) In violation of constitutional or statutory provisions;

(2) In excess of the agency's statutory authority;

(3) Made upon unlawful procedure;

(4) Affected by other error or law;

(5) Not supported by substantial evidence of record; or

(6) Arbitrary, capricious, or characterized by abuse of discretion.

Ark. Code Ann. § 25-15-212.

*Factual Background*

Appellee Rhodis Smith was an officer with the Arkansas State Police. Appellee received a $60,000 loan from Nations Bank to purchase a $20,000 lot and construct a $40,000 home. He was to be his own general contractor on the project. Appellee opened a separate checking account for the construction loan funds. Following an inspection by a bank officer, the bank would deposit funds into appellee's construction account to reimburse him for purchased materials or completed work.

Appellee wrote two checks on his construction checking account that were not covered by sufficient funds. The first check was written to Spec Building Material in the amount of $821.13 on April 10, 1997, for the purchase of roofing materials. The second check was written on June 13, 1997, to Three States Supply Company in the amount of $2,758.08, for the purchase of an air-conditioning system.

Appellee was notified on both occasions that his check had been returned for insufficient funds, but did not remedy the situation. The merchants sought relief under the Arkansas Hot Check Law. Following sworn complaints by both merchants, felony warrants were issued for his arrest. On two separate occasions appellee was taken into custody by the Sherwood Police Department.

He was fingerprinted, photographed, and forced to post a bond for his release. Several months after the checks were dishonored, he paid the amount owed to the merchants to the registry of the Sherwood Municipal Court along with fines and court costs. Spec Building Material received payment for its goods on September 19, 1997, and Three States Supply Company on November 13, 1997.

Following the issuance of the felony warrants, the Arkansas State Police conducted an internal investigation into appellee's actions. On August 13, 1997, appellee's supervisor issued a formal complaint detailing his violations. The state police placed appellee on administrative leave on August 14, 1997. A second formal complaint was filed by his supervisor on September 3, 1997. A staff review recommended appellee's termination. On October 1, 1997, John Bailey, Director of the Arkansas State Police, terminated appellee for violations of the Arkansas State Police Code of Conduct. Specifically, it was contended that he had violated General Order 102 § VII A, conduct unbecoming an officer, VII B, inappropriate personal conduct, and VII C, failure to conform to laws. These provisions state:

VII. Improper Conduct

*A. Unbecoming conduct.* Employees shall conduct themselves at all times, both on and off duty, in such a manner as to reflect most favorably on the Department. Conduct unbecoming an employee shall include that which brings the Department into disrespect or reflects discredit upon the employee as a member of the Department, or that which impairs the operations or efficiency of the Department or employee.

*B. Personal conduct.* Employees shall conduct their personal and business affairs in a manner which does not discredit or otherwise bring the department into disrepute or compromise the officer's ability to perform his or her duties.

*C. Conformance to laws.* Employees shall obey all the laws of the United States and of the state and local jurisdiction in which the employees are present.

A conviction of the violation of any law shall be *prima facie* evidence of a violation of this section. Lack of criminal complaint,

or an acquittal of a violation of law, shall not preclude internal administrative investigation and disciplinary action.

Arkansas State Police Code of Conduct, General Order 102 § VII A, B, C.

On December 3, 1997, the Arkansas State Police Commission held a hearing to consider appellee's termination. Stacy Lisenby, a former employee from Spec Building Materials, testified at that hearing that he notified appellee a few days after his April 10, 1997, check in the amount of $821.13 had been returned for insufficient funds. Lisenby also testified that he knew appellee was a police officer because he came into the business in a "swat team uniform." Lisenby further testified that appellee assured him that he would return the following Tuesday to take care of the bounced check but that he never returned to cover the check. Lisenby testified that he then called appellee five or six times to remedy the situation and appellee never returned his calls. Lisenby also testified that after waiting two months he was forced to turn the check over to the Sherwood Police Department because he was getting no "feed-back" from appellee. Finally, Lisenby testified that he "probably" waited longer than was the normal practice of the company before reporting the bounced check to the police department because appellee was a state trooper and "not the average homeowner." A warrant for appellee's arrest was issued on July 22, 1997, and served on August 11, 1997.

On June 13, 1997, appellee wrote a second check in the amount of $2,758.08, to Three States Supply as payment for an air-conditioner. With regard to the check, Hugh Bosworth, the general manger of Three States Supply, testified that it was not the practice of the company to take personal checks but, because appellee was a state policeman, "we bent the rules." Bosworth further testified that his assistant contacted appellee to inform him that his check had been returned for insufficient funds. Appellee came to Three States Supply and told Bosworth's assistant that there must have been a problem with the bank. Bosworth also testified that his assistant tried without success to contact an individual at the bank who appellee said could resolve the problem. The assistant then tried to contact appellee to no avail. Bosworth

testified that the company sent appellee a ten-day demand letter on July 28, 1997, pursuant to the Arkansas Hot Check Law, prior to filing a formal complaint with the Sherwood Police Department. Appellee did not respond. A complaint was then filed, and a second felony arrest warrant was issued in late August and appellee was served on September 3, 1997.

Captain John Chambers, from the Arkansas State Police, testified that he was notified by the Sherwood Police Department in mid-August that a felony arrest warrant was to be served on appellee. Chambers next testified that he called appellee into his office and put him on administrative leave for violations of police policies. Chambers also testified that he initiated an investigation into appellee's situation. Additionally, Chambers testified that during an interview with appellee to discuss the check written to Spec Building Material, appellee assured him that "there [were] no more checks out." Chambers then testified that a "few days later" the Sherwood Police Department notified him that they had another felony warrant for appellee's arrest based on a second hot check. Finally, Chambers testified that appellee's actions violated the policies of the Arkansas State Police and had "damaged our reputation, and damaged Corporal Smith's credibility and his reputation."

Appellee also testified at the hearing. He stated that he received notice that at least one of the checks had been returned to the merchant for insufficient funds. Appellee further testified that when he was notified that his check had been returned to Spec Building Material he went to the company and assured them that he would return to cover the check but that he had never returned after that occasion. Appellee stated that he did not know how much money was in the construction account at the time he wrote the checks. He admitted that he received numerous calls at work from the merchants to whom he had written the checks. Finally, appellee testified that when he was taken into custody at the Sherwood Police Department he was fingerprinted and photographed, and that he borrowed money to post his bond for release.

### Substantial Evidence

■ In its first point on appeal the Commission argues that substantial evidence was present to support appellee's termination. Substantial evidence has been defined as valid, legal, and persuasive evidence that a reasonable mind might accept as adequate to support a conclusion, and force the mind to pass beyond conjecture. *McQuay, supra; Bohannon v. Arkansas Bd. of Nursing,* 320 Ark. 169, 895 S.W.2d 923 (1995). The challenging party has the burden of proving an absence of substantial evidence. To establish an absence of substantial evidence to support the decision the challenging party must demonstrate that the proof before the administrative tribunal was so nearly undisputed that fair-minded persons could not reach its conclusion. *Williams v. Scott,* 278 Ark. 453, 647 S.W.2d 115 (1983). The question is not whether the testimony would have supported a contrary finding but whether it supports the finding that was made. *Id.* It is the prerogative of the agency to believe or disbelieve any witness and to decide what weight to accord the evidence. *McQuay, supra.*

■ We have reviewed the evidence presented to support the Commission's findings. The Commission found that appellee had violated the Arkansas State Police's Code of Conduct. Specifically, the Commission affirmed John Bailey's decision to terminate appellee's employment based on his violations of General Order 102 § VII A, conduct unbecoming an officer; VII B, inappropriate personal conduct; and VII C, failure to conform to laws. After reviewing the evidence, it appears that valid, legal, and persuasive evidence that a reasonable mind might accept as adequate to support the conclusion that appellee's conduct was in violation of provisions of the Arkansas State Police's Code of Conduct was present in this case. We note again that our role on appeal is to determine whether the agency's decision is supported by substantial evidence and is not arbitrary or capricious. We must affirm an agency's decision if there is substantial evidence to support it. *Partlow v. Arkansas State Police Comm'n,* 271 Ark. 351, 609 S.W.2d 23 (1980). Accordingly, we hold that the decision of the Commission was supported by substantial evidence and that the decision of the Commission must be affirmed and the circuit court's findings to the contrary must be reversed on this point.

## Arbitrary and Capricious

■ In appellant's final point on appeal it is contended that the Commission's decision was not arbitrary and capricious. Administrative action may be regarded as arbitrary and capricious where it is not supportable on any rational basis. *Partlow, supra.* To have administrative action set aside as arbitrary and capricious, the party challenging the action must prove that it was willful and unreasoning action, without consideration and with a disregard of the facts or circumstances of the case. *Id.* We have stated that the requirement that administrative action not be arbitrary or capricious is less demanding than the requirement that it be supported by substantial evidence. *Beverly Enter.-Ark., Inc. v. Arkansas Health Servs.*, 308 Ark. 221, 824 S.W.2d 363 (1992). An action is not arbitrary simply because the reviewing court would act differently. *McQuay, supra.* Finally, we have held that once substantial evidence is found, it automatically follows that a decision cannot be classified as unreasonable or arbitrary. *Wright v. Arkansas State Plant Board*, 311 Ark. 125, 842 S.W.2d 42 (1992). We have upheld the termination of Arkansas State Police officers in several cases. First, in *Partlow, supra.*, we held that it was not error for the Arkansas State Police Commission to dismiss an officer who had violated a departmental rule. In that case, Partlow, an Arkansas State Police officer, had stored a 1974 Yamaha motorcycle, which was property seized by the police, in a building he was privately leasing. After retaining the property for approximately eight months, Partlow inserted his name onto the title and had the property licensed in his name. The Arkansas State Police conducted an investigation into Partlow's usage of the motorcycle and found that he had violated rule 11 of the Arkansas State Police Rules and Regulations. Partlow was then dismissed from his job. We held that because Partlow admitted to engaging in the conduct charged the Commission's decision to terminate Partlow was not arbitrary or capricious. *Id.*

Next, in *Tuck v. Arkansas State Police Commission*, 282 Ark. 39, 665 S.W.2d 276 (1984), we affirmed the Arkansas State Police Commission's decision to terminate an officer. Tuck, an Arkansas State Police officer, was charged with violations of department policy by receiving compensation from the submission of a false

invoice, installing unauthorized equipment on his patrol car and abusing his position by asking troopers under his command to "fix" tickets. The Commission dismissed Tuck. *Id.* Although we did not expressly use "arbitrary and capricious" language in the *Tuck* case, our reasoning was similar to that used in *Partlow.* We held that we would not disturb the decision of the Commission as to the appropriate punishment to impose in the case because there was no dispute among the fact-finders that the evidence substantiated the charged offenses. *Id.*

■ Here, appellee admitted that he wrote the checks to the merchants without knowing how much money was in his account at the time, that he received notice of the returned checks, and that he failed to rectify the wrongs suffered by the merchants without judicial intervention. Thus, the actions taken by the Commission were reasoned and based on the facts and circumstances of the case. Therefore, we hold that the Commission's actions were not arbitrary or capricious.

■ Because there was substantial evidence to support the Commission's decision, and it is not arbitrary or capricious, the Commission's actions should be affirmed, and the case is reversed and remanded to the trial court for disposition in accordance with this opinion.

Reversed and remanded.

ARNOLD, C.J., and SMITH, J., dissenting.

LAVENSKI R. SMITH, Justice, dissenting. I concur in the majority's holding that substantial evidence supports the Commission's finding that appellee violated the Arkansas State Police's Code of Conduct. I applaud the Commission for setting and maintaining high standards of integrity for those given the responsibility and privilege to enforce our state's laws. However, I cannot agree that the facts or our precedents justify termination of an officer with nineteen years and ten months of unblemished service.

Contrary to appellee's argument, our review is of the administrative agency decision not the circuit court's ruling. Our law is well settled, we affirm the agency decision if it is supported by

substantial evidence and is not arbitrary, capricious, or characterized by an abuse of discretion. However, that does not mean we rubber-stamp agency decisions. After this decision, though, it is difficult to imagine a termination we would not affirm.

Termination is a harsh but sometimes necessary punishment for misconduct. It is not warranted here. This case is markedly different from either *Partlow v. State Police Commission*, 271 Ark. 351, 609 S.W.2d 23 (1980) or *Tuck v. Arkansas State Police Commission*, 282 Ark 39, 665 S.W.2d 276 (1984), where we have previously upheld terminations of state police officers. In both cases the misconduct justifying termination involved overt actions of misuse of state property and authority. Partlow literally stole a confiscated motorcycle. Tuck committed multiple separate violations all involving on-duty activity and demonstrating disregard for department policy including influencing officers under his authority to not properly enforce the law by "fixing" tickets.

In the instant case, officer Smith was negligent in the handling of his personal finances by not ensuring an adequate balance in a checking account into which his bank was depositing installments on his construction loan. Criminal charges were filed but subsequently dismissed. Smith paid the checks and associated fines. It reflected negatively upon him personally and upon the department. But, no state property or power were implicated by his actions. Surely, demotion or suspension would have sufficed to adequately punish the rule violation and send an appropriate message to other officers and the citizens of this state. But to end the long career of an otherwise competent officer on these facts is totally unwarranted and not supported by substantial evidence. I therefore respectfully dissent.