ARKANSAS DEPARTMENT of HUMAN SERVICES *v.*
Merle HAEN

CA 02-365                                      100 S.W.3d 740

Court of Appeals of Arkansas
Division II
Opinion delivered March 12, 2003

172

*Richard Neil Rosen*, for appellant.

*Donald C. Tippett*, for appellee.

JOHN B. ROBBINS, Judge. Appellant Arkansas Department of Human Services appeals the entry of an order of the Craighead County Circuit Court that found appellee Merle Haen, a certified nursing assistant, not to have abused an eighty-seven-year-old female resident of the Rose Care Nursing Home. DHS prevailed before the administrative agency on its complaint that such abuse occurred on May 15, 2000, resulting in Haen being placed on the Certified Nursing Abuse Registry. Haen appealed, and the circuit court reversed the agency decision, expunging Haen's name from the abuse registry. This appeal followed, and DHS argues to us that the agency decision should be reinstated. We disagree and affirm the circuit court's order.

This court's review is limited in scope and is directed not to the decision of the circuit court but to the decision of the administrative agency. *Arkansas Cont. Lic. Bd. v. Pegasus Renovation Co.*, 347 Ark. 320, 64 S.W.3d 241 (2001); *Tomerlin v. Nickolich*, 342 Ark. 325, 27 S.W.3d 746 (2000). Review is limited to ascertaining whether there is substantial evidence to support the agency's decision. *Tomerlin v. Nickolich*, 342 Ark. at 331, 27 S.W.3d at 749; *Arkansas Bd. of Exam'rs v. Carlson*, 334 Ark. 614, 976 S.W.2d 934 (1998); *Arkansas Dep't of Human Servs. v. Thompson*, 331 Ark. 181, 959 S.W.2d 46 (1998). Substantial evidence is defined as "valid, legal, and persuasive evidence that a reasonable mind might accept as adequate to support a conclusion, and force the mind to pass beyond conjecture." *Tomerlin v. Nickolich*, 342

Ark. at 333, 27 S.W.3d at 751 (*quoting Arkansas State Police Comm'n v. Smith*, 338 Ark. 354, 362, 994 S.W.2d 456, 461 (1999)). The challenging party has the burden of proving an absence of substantial evidence. *Id.* To establish an absence of substantial evidence, the challenging party must demonstrate that the proof before the administrative tribunal was so nearly undisputed that fair-minded persons could not reach its conclusion. *Id.* The question is not whether the testimony would have supported a contrary finding but whether it supports the finding that was made. *Id.* We review the entire record in making that determination. *Arkansas Bd. of Exam'rs v. Carlson, supra.* Administrative agencies are better equipped than courts, by specialization, insight through experience, and more flexible procedures to determine and analyze underlying legal issues affecting their agencies, and this recognition accounts for the limited scope of judicial review of administrative action and the refusal of the court to substitute its judgment and discretion for that of the administrative agency. *Tomerlin v. Nickolich, supra.*

These standards are consistent with the provisions of the Administrative Procedure Act at Ark. Code Ann. §§ 25-15-201 to 25-15-214 (Repl. 1996). Under the Administrative Procedure Act, the circuit court or appellate court may reverse the agency decision if it concludes:

> (h) [T]he substantial rights of the petitioner have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
>
> (1) In violation of constitutional or statutory provisions;
>
> (2) In excess of the agency's statutory authority;
>
> (3) Made upon unlawful procedure;
>
> (4) Affected by other error or law;
>
> (5) Not supported by substantial evidence of record; or
>
> (6) Arbitrary, capricious, or characterized by abuse of discretion.

Ark. Code Ann. § 25-15-212(h) (Repl. 1996).

The allegations in this case were predicated on the laws found in Chapter 28 of the Code, titled "Abuse of Adults," Ark. Code Ann. §§ 5-28-101, *et seq.* These laws were designed primarily to protect the health, welfare, safety, and dignity of elder Arkansans. In the definitions, "abuse" is defined as:

> (A) Any intentional and unnecessary physical act which inflicts pain on or causes injury to an endangered or impaired adult, including sexual abuse; or

> (B) Any intentional or demeaning act which subjects an endangered or impaired adult to ridicule or psychological injury in a manner likely to provoke fear or alarm[.]

Ark. Code Ann. § 5-28-101 (Repl. 1997). The administrative law judge specifically noted section 5-28-101 in her letter opinion and found that Mr. Haen negligently pushed the wheelchair of a nursing home resident, Ms. Shelby, into Shelby's room, causing the wheelchair and Shelby's foot to hit a wall. The judge further found that despite the small size of the room at the nursing home, this negligent act was not necessary and that Haen should have taken care to make sure that Shelby was placed in her room without causing harm to her or her wheelchair.

The evidence taken at the administrative hearing included the testimony of eyewitness Brenda Welch, whose mother was Shelby's roommate at the Jonesboro, Arkansas, facility. Welch said that in May 2000, as she sat in a chair in her mother's room, she saw Shelby's wheelchair come through the door "pretty fast" and then hit the wall. Shelby cursed and cried out. Welch could not see who pushed the wheelchair in, and Shelby replied that it was "that boy." Welch asked Haen if he pushed her in, and Haen said that he did, expressed remorse, and said that they were short-handed. Welch believed that Shelby had severe arthritis such that it hurt her to move or be touched based on her observations of Shelby constantly complaining. The nursing-home administrator testified that Haen was subsequently terminated, but not for this incident.

Haen presented two former employees to explain the working conditions at the nursing home and their experience with Ms. Shelby. Melissa Efird testified that Ms. Shelby suffered from

arthritis and that she always "hollered" every time she was moved. Efird also said that the rooms were so small that it was difficult not to scrape the door with a resident's wheelchair. John Green essentially echoed Efird's testimony about Ms. Shelby and the difficulty of maneuvering wheelchairs in the rooms. Green added that Haen's bedside manner was really good. There was a stipulation that additional witnesses, residents of the nursing home where Haen was currently working, would testify that Haen gave them good care. Haen then stated on the record that there was no evidence whatsoever that Ms. Shelby was injured. Haen also asked the ALJ to review the criminal reports that had cleared him of any wrongdoing and noted that Shelby was examined and found to be without injury and even said nothing was wrong with her foot.

Haen argues that the ALJ found Haen's act to be negligent and unnecessary but that this does not meet the threshold statutory requirement to constitute abuse. Haen is correct. The ALJ concluded that Haen's conduct "was abusive under Arkansas Code Annotated § 5-28-101(1)," without specifying which of the two definitions of abuse in § 5-28-101(1) she was applying. However, in the ALJ's discussion of the case, she only refers to the definition of "abuse" contained in subsection (A) of § 5-28-101(1), *i.e.*, "Any intentional and unnecessary physical act which inflicts pain on or causes injury to an endangered or impaired adult." She further found that the appellant's act was "not necessary." The ALJ's opinion does not evince that any consideration was given to whether appellant's conduct would come within the definition of "abuse" contained in subsection (B) of § 5-28-101(1), *i.e.*, whether this would be a "demeaning act which subjects an endangered or impaired adult to ridicule or psychological injury in a manner to provoke fear or alarm." Nor did appellant contend on appeal to the circuit court or now before our court that subsection (B) was applicable. Consequently, our consideration is limited to a review of the findings and legal rationale announced by the ALJ.

██ ██ Arkansas Code Annotated section 5-28-101(1)(A) requires that the wrongful act be both "intentional and unnecessary." Although an agency's interpretation of a statute is highly

persuasive, where the statute is not ambiguous, we will not interpret it to mean anything other than what it says. *Social Work Licensing Bd. v. Moncebaiz*, 332 Ark. 67, 71, 962 S.W.2d 797, 799 (1998). Simply put, the ALJ did not make the requisite findings to support the violation she found. Therefore, substantial evidence does not support the agency decision.

■ DHS attempts to change the basis of the agency decision by arguing that the intent of this chapter in the Code found at Ark. Code Ann. § 5-28-102 would necessarily bring Haen's act into the definition of abuse. The legislature recognized that "rehabilitative and ameliorative services are needed to provide for the detection and correction of the abuse, maltreatment, or exploitation of adults who are unable to protect themselves." Ark. Code Ann. § 5-28-102(a). This section goes on to state that:

> "Abuse, maltreatment, or exploitation" includes any willful or negligent acts which result in neglect, malnutrition, sexual abuse, unreasonable physical injury, material endangerment to mental health, unjust or improper use of an adult for one's own advantage, and failure to provide necessary treatment, attention, sustenance, clothing, shelter, or medical services by a caretaker or by the impaired individual.

*Id.* at subsection (b). We agree that the overriding purpose is to protect the elderly and incapacitated from willful or negligent acts in general, but the specific section cited by the agency as found to be true was not supported by the findings that were made. Courts may not accept the appellate counsel's post hoc rationalizations for an agency action; an agency's action must be upheld on a basis articulated by the agency itself. *Motor Vehicle Mfr. Ass'n of the United States, Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29 (1983); *AT&T Communications of Southwest, Inc. v. Arkansas Pub. Serv. Comm'n*, 40 Ark. App. 126, 843 S.W.2d 855 (1992).

The agency decision is reversed, and the circuit court's order is affirmed.

BIRD and GRIFFEN, JJ., agree.