ARKANSAS DEPARTMENT of HUMAN SERVICES *v.*
Versie BURGESS and James Burgess

CA 03–1225                                              161 S.W.3d 319

Court of Appeals of Arkansas
Division IV
Opinion delivered April 28, 2004

[Rehearing denied June 2, 2004.]

98

*Gray Allen Turner*, for appellant.

*Pamela Perry*, for appellees.

SAM BIRD, Judge. This is an appeal from an order of the Pulaski County Circuit Court that reversed an order of the Office of Appeals and Hearings (OAH) of the Arkansas Department of Human Services (ADHS) concerning the listing of James and Versie Burgess on the Child Maltreatment Central Registry. We affirm the circuit court's order, reverse OAH's order, and remand the case to the OAH to conduct an administrative hearing to determine whether the Burgesses' names should remain on the registry.

On January 29, 2002, appellee Versie Burgess phoned the Child Maltreatment Hotline operated by appellant ADHS, Division of Children and Family Services (DCFS), requesting that her adopted teenage son, SB, be removed from her home. Antoine Williams, an ADHS investigator, responded to Versie's request and interviewed SB. Based upon the information he received from interviewing SB and Versie, ADHS on February 1 filed a petition for emergency custody alleging that SB was dependent/neglected because he had been abandoned. On the same day the Pulaski County Circuit Court, Tenth Division, entered an emergency order placing SB in the custody of ADHS, and on February 2, found probable cause that SB was dependent/neglected. On March 20, an adjudication order was entered in which the court found that SB was a dependent-neglected child and that the allegations in ADHS's petition[1] were true and correct. The Burgesses did not appeal the decision finding SB dependent-neglected.

On February 27, 2002, a document entitled "Child Maltreatment Assessment Determination Notification" was sent only to Versie Burgess by ADHS-DCFS, notifying her that on January 29, 2002, DCFS had received an allegation of suspected child maltreatment involving her child, that James and Versie Burgess were named as the offenders, and that her name would be placed in the Arkansas Child Maltreatment Central Registry. The notice also stated that if she disagreed with the determination and the placement of her name in the registry, she could request an administrative hearing within thirty days of receipt of the notice. On March 19, 2002, Versie Burgess responded in writing that she disagreed with the child-maltreatment determination and with the placement of her name on the registry. She requested an administrative hearing. On April 10 Versie was notified by OAH that an

---

[1] This is an apparent reference to ADHS's Petition for Emergency Custody filed February 1, 2002.

administrative hearing regarding the alleged child maltreatment would be conducted on June 20, 2002.

On June 14, 2002, ADHS filed a motion to dismiss Versie Burgess's request for a hearing, stating that the issues had already been litigated in the Pulaski County Circuit Court, Tenth Division, and that the circuit court had found by a preponderance of the evidence that the allegations in the petition for dependency-neglect were true and correct, *i.e*, that SB had been abandoned. Both James and Versie Burgess responded to the motion, denying that the issues litigated in the Pulaski County Circuit Court, Tenth Division, relating to ADHS's Petition for Emergency Custody, were the same as the issues upon which she requested a hearing under the Arkansas Child Maltreatment Act, and requesting that they be granted a hearing on the issue of the placement of their names on the child maltreatment central registry.

Without conducting a hearing, the law judge for OAH entered an order on June 18, 2002, stating that ADHS had met its burden of proving, by a preponderance of the evidence, that Versie Burgess neglected her son, SB, by abandonment. The law judge further found:

> In a dependency-neglect hearing the juvenile judge found that Versie Burgess had abandoned her son SB. The definition of abandonment is the same under the Arkansas Child Maltreatment Act as it is under the Arkansas Juvenile Code. That issue has been litigated in this case. The only other issue raised by petitioner is the placement of her name on the state child maltreatment registry. The juvenile court did not and could not make a finding as to the placement of Versie Burgess' name onto the child maltreatment central registry. That decision is made by the DHS Office of Appeals & Hearings. Abandonment of a child by a parent is child maltreatment.

> Based upon the circumstances of this case, I find that the agency has presented by a preponderance of the evidence that Versie Burgess neglected by abandonment her son SB.

> Versie Burgess' name shall remain on the Child Maltreatment Central Registry insofar as the entry pertains to the child maltreatment report of 1/29/02.

The law judge's order never mentioned James Burgess.

The Burgesses then filed a petition for judicial review, stating that the law judge erred in denying their statutory right to appeal under the Arkansas Child Maltreatment Act because material evidence exists that was not presented at the adjudication hearing in circuit court that is relevant to the issue of whether or not the Burgesses' name should be placed on the Child Maltreatment Central Registry. The Burgesses' petition was assigned to the Third Division of the Pulaski County Circuit Court, which, after reviewing the record of the proceedings and briefs of the parties, found that the Burgesses' substantial rights had been prejudiced by the OAH's denial of an administrative hearing, reversed the decision of the administrative law judge, and remanded the matter to the OAH for an administrative hearing. ADHS brings this appeal.

On appeal from the circuit court, our review of administrative decisions is directed to the decision of the administrative agency, rather than the decision of the circuit court. *Vallaroutto v. Alcoholic Bev. Control Bd.*, 81 Ark. App. 318, 101 S.W.3d 836 (2003). We rely heavily upon the principle that administrative agencies are better equipped than courts, by specialization, insight through experience, and more flexible procedures, to determine and analyze underlying issues. *Id.* Judicial review is limited in scope and the administrative agency decision will be upheld if supported by substantial evidence and not arbitrary, capricious, or an abuse of discretion. *Id.*

### James Burgess

For ADHS's first point on appeal, it argues that the circuit court lacked jurisdiction to order that James Burgess be given a hearing because James Burgess never filed an appeal from the notice that his name was being placed upon the central registry.

ADHS argues that the trial court was without jurisdiction to consider James Burgess's petition for judicial review because James Burgess had failed to exhaust his administrative remedies. ADHS argues also that James failed to file a timely notice of appeal, stating that James was clearly notified that his name was on the central registry. ADHS argues that because James Burgess never requested an administrative hearing, the circuit court was without jurisdiction to order it to conduct a hearing and that James Burgess's name should remain on the child maltreatment registry.

Under the provisions of Arkansas Code Annotated § 12-12-512(c)(1) (Repl. 2003), upon completion of an investiga-

tion of a report of an allegation of child maltreatment and a determination that such allegation is true, the Department of Human Services is required to notify each subject of the report of its determination, in writing by certified mail, restricted delivery, or by process server. The notification must also inform the person named as the offender of his or her right to request an administrative hearing within thirty days of the receipt of such notice.

ADHS concedes in its reply brief that the record does not reflect that James was ever notified that his name was placed in the central registry. ADHS argues, however, that the administrative law judge (and, thus, the circuit court) had no jurisdiction to consider James's argument because James never filed a notice of appeal. We do not agree. First, Ark. Code Ann. § 12-12-512(c)(1) does not require the recipient of such a notification to file a "notice of appeal." Rather, it requires the person named as the offender to make a request to the department for an administrative hearing. Second, since James never received the statutorily required notification from ADHS, the thirty days within which he would have been required to make such a request was never triggered. Notwithstanding the lack of notification, James made his request for an administrative hearing when he responded to ADHS's motion to dismiss in which ADHS requested that Versie's "appeal" be dismissed. Since ADHS never complied with the statutory requirement of notifying James of its "true" determination resulting from its child maltreatment investigation and of his right to request a hearing, James's request for a hearing was not untimely.

ADHS suggests, as proof that the law judge did not believe that James had requested an appeal, that the OAH law judge's order mentions only Versie Burgess. As we have already mentioned, the statute does not require the alleged maltreatment offender to file an appeal. Furthermore, we do not consider a request for an initial hearing before OAH on the issue of whether an alleged child maltreatment offender's name should remain on the central registry to be an appeal. It is merely a request for a hearing on the issue of the validity of the result of a child-maltreatment investigation by ADHS. What the law judge "believed" was obviously inaccurate. The record does not reflect that James ever received the required statutory notification, and it

reflects that James timely requested an administrative hearing, which, by clear implication, he was denied.

■ The circuit court found that James's rights were prejudiced because he was denied an administrative hearing. Because James Burgess's name was placed in the central registry, he has a statutory right to an administrative hearing upon timely request. Since he was never properly notified that his name was being placed in the central registry and that he had a right to a hearing, the thirty days within which he would have been required to request a hearing never began to run. For this reason, we affirm the circuit court's order, and we reverse the administrative law judge's order and remand James Burgess's case to an administrative law judge for a hearing.

The concurring opinion suggests that since James Burgess's name was not included in the caption of the case and the order appealed from does not mention his name, and because we are limited to a review of the order of the administrative agency, we are without authority to afford any relief to him on appeal. We disagree. It is clear from the record that James's name has been placed in the central child maltreatment registry, that ADHS did not provide to him the requisite notice of his right to request a hearing, and that, notwithstanding such lack of notice, he requested a hearing before the OAH.

We have decided that James should be afforded relief in the form of an administrative hearing, not because he is otherwise without a remedy for his predicament, but because he has done everything required of him under the law that entitles him to a hearing. In limiting our review to the order of the administrative agency, we are not required to wear blinders and ignore the absence of what should obviously be present. Both James and Versie requested a hearing before the OAH, yet the law judge entered an order expressly denying Versie's request but inexplicably making no mention of James. In directing our review to the decision of the administrative agency, we have concluded that this omission was erroneous, a decision we consider to be within our jurisdiction and in keeping with the appropriate standard of review.

### Versie Burgess

For ADHS's second point on appeal, it contends that the administrative law judge correctly found that the issue of whether the Burgesses had abandoned their son was precluded from being

relitigated. Therefore, ADHS argues that the circuit court erred in reversing the law judge's order and remanding for a hearing. ADHS contends that by providing an administrative hearing to the Burgesses, the department is being forced to litigate the same issue twice, that issue being whether the Burgesses abandoned their son. ADHS argues that because the definition of neglect under the child-maltreatment statutes is similar to the definition of abandonment under the juvenile code, and because the circuit court in the dependency-neglect hearing, when deciding whether SB was dependent neglected, determined that he was abandoned, then the issue of whether the Burgesses' name should be included on the central registry is barred by the doctrine of issue preclusion because it was already decided in the dependency-neglect hearing and encompassed in an order from which the Burgesses did not appeal.

To establish that the Burgesses committed child maltreatment, ADHS would have to prove that they either neglected or abandoned SB. Abandonment under the juvenile code means the failure of the parent to provide reasonable support and to maintain regular contact with the juvenile through statement or contact when the failure is accompanied by an intention on the part of the parent to permit the condition to continue for an indefinite period in the future and failure to support or maintain regular contact with the juvenile without just cause or an articulated intent to forego parental responsibility. *See* Ark. Code Ann. § 9-27-303(2) (Repl. 2002).

Arkansas Code Annotated section 12-12-503(6) defines child maltreatment as "abuse, sexual abuse, neglect, sexual exploitation or abandonment." Ark. Code Ann. § 12-12-503(1)(A) defines abandonment as follows:

(1)(A) "Abandonment" means:

(i) Failure of a parent to:

(*a*) Provide reasonable support and to maintain regular contact with a juvenile through statement or contact when the failure is accompanied by an intention on the part of the parent to permit the condition to continue for an indefinite period in the future;

(*b*) Support or maintain regular contact with a juvenile without just cause; and

(ii) An articulated intent to forego parental responsibility.

■■ The doctrine of issue preclusion bars the relitigation of issues of law actually litigated by parties in the first suit. *Arkansas Dep't of Human Servs. v. Dearman*, 40 Ark. App. 63, 842 S.W.2d 449 (1992). It is based upon the policy of limiting litigation to one fair trial on an issue and is applicable only when the party against whom the earlier decision is being asserted had a full and fair opportunity to litigate the issue in question. *Id.* Under the doctrine of collateral estoppel, four criteria must be met before a determination is conclusive in a subsequent proceeding: (1) The issue sought to be precluded must be the same as that involved in prior litigation; (2) That issue must have been actually litigated; (3) It must have been determined by a valid and final judgment; and (4) The determination must have been essential to the judgment. *Id.*

■ While we agree that the definitions of abandonment under Ark. Code Ann. § 9-27-303(2) and § 12-12-503(1)(A) are practically identical and that the circuit court, in the dependency-neglect hearing, found the allegations of the petition alleging that SB was dependent/neglected to be true, we do not find that the doctrine of issue preclusion applies to this case. The issue before the Tenth Division of the Pulaski County Circuit Court in the dependency-neglect hearing was whether SB was dependent/neglected. That action was initiated by ADHS at the request of Versie Burgess, who complained that SB was a danger to the rest of her family and requested that SB be removed from her home. An affidavit attached to ADHS's petition described conduct on SB's part that Versie considered as dangerous and threatening to her and the rest of her family. ADHS characterized this action by Versie as an abandonment. In its Adjudication Order of March 7, 2002, the court states that it "accepts the agreement of the parties and finds that the child is dependent/neglected." Although the court also made the general finding that "the allegations in the petition are true and correct," the court made no finding that the basis of its dependency-neglect determination was that SB had been abandoned. In any event, since the court's order appears to have been based upon some agreement between ADHS and the Burgesses, the terms of which are not revealed in the order or elsewhere, and since it is not clear to us that the issue of SB's abandonment by the Burgesses was actually litigated, we hold that the doctrine of issue preclusion does not apply.

■     Furthermore, the issue before the law judge in the administrative hearing would have been whether the Burgesses's names should be placed or remain upon the child-maltreatment registry. Whether their names should be on the central registry has not been actually litigated, and it has not been determined by a valid and final judgment.

Therefore, we affirm the circuit court's order, reverse the OAH law judge's order, and remand to the OAH to conduct an administrative hearing as requested by James and Versie Burgess.

Affirmed.

PITTMAN, J., agrees.

ROBBINS, J., concurs.

JOHN B. ROBBINS, Judge, concurring. I agree that DHS violated Versie Burgess' substantial rights and that issue preclusion does not apply on these facts. I also agree with my fellow judges that DHS failed to follow statutory notice requirements with regard to James, if we assume that DHS intended to also place his name in the registry. I write separately only to point out that as to appellee James Burgess, the only order on appeal for us to review is that of the administrative law judge, who made absolutely no finding that concerned James. Our review is directed not toward the circuit court, but toward the decision of the agency. *Arkansas State Police Comm'n v. Smith*, 338 Ark. 354, 994 S.W.2d 456 (1999). In the order on appeal, Versie is the only named party in the caption of the case. The finding concludes that only Versie's name "shall remain on the Child Maltreatment Central Registry."

Under our standard of review, we ignore the findings of the circuit court and instead focus upon the administrative finding. Here, we should reverse the administrative agency for its error of law, not affirm the circuit court's order. Nevertheless, if James' name has been placed in the registry and, by DHS's failure to provide notice or give him a hearing, James is left with no remedy to challenge this registration, I feel compelled to concur in the resolution as presented by my fellow judges in this appeal.