2009 Ark. App. 458

**ARKANSAS COMMISSION ON LAW ENFORCEMENT STANDARDS, Appellant,**

v.

**Arlanders DAVIS, Appellee.**

**No. CA 08–1248.**

Court of Appeals of Arkansas.

June 3, 2009.

Robinson, Zakrzewski & Achorn, P.A., by: Greg Robinson, Luke Zakrzewski, Bryan A. Achorn, and Daniel W. Pilkington, Pine Bluff, for appellant.

Dustin McDaniel, Att'y Gen., by: Don K. Barnes, Ass't Att'y Gen., for appellee.

RITA W. GRUBER, Judge.

Appellant Arkansas Commission on Law Enforcement Standards and Training appeals the order of the Jefferson County Circuit Court reversing the Commission's order revoking the certification of appellee, Arlanders Davis. On appeal, the Commission contends that its decision is supported by substantial evidence and therefore that the circuit court erred in reversing it. We agree with the Commission, and therefore we reverse the circuit court's order and reinstate the Commission's order.

This appeal arises out of an order of the Commission dated November 14, 2006, revoking the certification of Arlanders Davis pursuant to the Commission's Regulation 1010(3)(a)(iv), which provides that the Commission may revoke the certification

of any law enforcement officer if he "resigned while he was the subject of a pending internal investigation." Testimony at the Commission hearing indicated that Mr. Davis began working as a state police officer on June 20, 1977. At 10:00 a.m. on February 8, 2006, Mr. Davis was ordered by his employer to submit to a random drug test. The results of the test were positive for cocaine in an amount equal to five times the federal cut-off limit for exposure by passive inhalation.

State's Exhibit One at the Commission hearing included an investigative summary prepared by Sergeant C.A. Beall of the state police internal affairs unit. The summary indicated that on February 10, 2006, Lieutenant Mullins and Sergeant Beall conducted a tape-recorded interview of Mr. Davis. Mr. Davis said that he did not know why he tested positive for cocaine and that he had never used cocaine, but he suggested that some of the medication he was taking might have caused the positive test result. He also mentioned that he had been to a Super Bowl party recently but that he did not know of anyone at the party who was using cocaine.

The next day, February 11, 2006, Mr. Davis called Sergeant Beall at home and told him that he knew where he had been exposed to cocaine. He told Sergeant Beall that on February 7, 2006, he had been riding in his car with a friend, Percy Wilson, and that Mr. Wilson had been smoking homemade cigarettes containing crack cocaine. Mr. Davis said that, at the time he was in the car with Mr. Wilson, Mr. Davis did not know the cigarettes contained cocaine.

On February 13, 2006, Mr. Davis provided Sergeant Beall with results from a drug screen taken by Mr. Davis on February 9, 2006, showing a negative result for cocaine. Sergeant Beall showed the negative drug screen to the state police medical review officer, Dr. J.R. Baber, who said that the test, taken twenty-four hours after the initial random drug screen, was "a non factor because of the rapid manner in which cocaine leaves your system." After reviewing the prescription medications being taken by Mr. Davis, Dr. Baber also concluded that none of the medications would trigger a positive test result for cocaine. Finally, Dr. Baber stated that Mr. Davis would not have reached the cut-off levels for cocaine, which Mr. Davis exceeded, by merely inhaling crack cocaine fumes or vapors second hand.

In a memo to state police headquarters' staff dated March 6, 2006, Lieutenant Mullins recommended that Mr. Davis be terminated. On March 10, 2006, a disciplinary review board, convened at state police headquarters to review the internal affairs complaint against Mr. Davis, recommended that Mr. Davis be terminated. No action was taken.

On March 31, 2006, Mr. Davis provided two letters to Major Tim K'Nuckles of the Arkansas State Police. In the first letter, Mr. Davis stated in relevant part:

Please accept this letter as my formal notification to the Arkansas State Police of my decision to resign from and take early retirement with the Arkansas State Police, conditioned upon the agreed terms arrived at between your office and my attorney, Bryan A. Achorn, which are outlined by Mr. Achorn in his letter to you on today's date. Assuming that the agreed terms are outlined correctly, it is my intention that this resignation be effective immediately.

Mr. Davis testified that Major K'Nuckles called Mr. Achorn's assistant and advised him that the letter was not acceptable and that it needed to state simply that Mr. Davis was retiring. Therefore, Mr. Davis stated that he sent the second letter to

Major K'Nuckles, which provided as follows: "The purpose of this letter is to inform you that, effective 5:00 o'clock p.m. on the date of this letter, I am retiring from the Arkansas State Police. Incident to my retirement, I request to be awarded my service revolver."

On October 12, 2006, the Commission held a decertification hearing for Mr. Davis. The Commission issued an order on November 14, 2006, revoking Mr. Davis's certification pursuant to its Regulation 1010(3)(a)(iv), finding that Mr. Davis had submitted his resignation from the Arkansas State Police while an internal affairs investigation was pending.

After reviewing briefs and hearing oral arguments on appeal, the Jefferson County Circuit Court vacated the Commission's revocation and directed the immediate reinstatement of Mr. Davis's certification. The circuit court found that the record lacked relevant evidence that a reasonable mind might accept to support the conclusion that Mr. Davis resigned from the state police. The court found that the proof was "so nearly undisputed that fairminded persons could not reach the conclusion that Davis resigned, as opposed to retired." The Commission brings this appeal from the circuit court's order.

Our review in this case is directed not to the circuit court's decision, but to the decision of the Commission. *Ark. Hearing Instrument Dispenser Bd. v. Vance*, 359 Ark. 325, 327, 197 S.W.3d 495, 497 (2004). Administrative agencies are better equipped by specialization, insight through experience, and more flexible procedures than courts to determine and analyze legal issues affecting their agencies. *Ark. State Police Comm'n v. Smith*, 338 Ark. 354, 357, 994 S.W.2d 456, 458 (1999). We will uphold the agency's decision if it is supported by substantial evidence and it is not arbitrary, capricious, or characterized by an abuse of discretion. *Id.* We give the most probative weight to the evidence in favor of the agency's determination and look to the entire record in making this determination. *Vance,* 359 Ark. at 327, 197 S.W.3d at 497. Substantial evidence means valid, legal, and persuasive evidence such that a reasonable person might accept it as adequate to support the conclusion. *Id.* When an agency's determination is supported by substantial evidence, the decision cannot be arbitrary or unreasonable. *Id.*

The Commission contends on appeal that substantial evidence supports its decision to revoke Mr. Davis's certification pursuant to Regulation 1010(3)(a)(iv), which provides that the Commission may revoke the certification of any law enforcement officer if he "resigned while he was the subject of a pending internal investigation." The questions before us are whether there is substantial evidence that Mr. Davis was "the subject of a pending internal investigation" and, if so, whether he "resigned" during the investigation.

There appears to be no argument that Mr. Davis was the subject of a pending internal investigation. He submitted to a random drug test, the results of which were positive for cocaine. The internal affairs division of the state police initiated an investigation of the matter. A disciplinary review board recommended that Mr. Davis be terminated. Before any action was taken in the matter, Mr. Davis sent a letter to the state police ending his employment. We hold that substantial evidence supports a finding that, at the time Mr. Davis sent his letter, he was the subject of a pending internal investigation.

The parties dispute whether Mr. Davis resigned or retired. The Commission determined that Mr. Davis resigned within the meaning of Regulation

1010(3)(a)(iv). In reviewing the Commission's decision, the question is not whether the evidence would have supported a contrary finding, but whether it supports the finding that was made. *Ark. Bd. of Examiners in Counseling v. Carlson,* 334 Ark. 614, 618, 976 S.W.2d 934, 936 (1998). Further, it is the prerogative of the Commission to believe or disbelieve any witness and to decide what weight to accord the evidence. *Id.* Particularly in light of an agency's specialization, insight through experience, and more flexible procedures to determine and analyze underlying legal issues affecting its agency, we will not substitute our judgment and discretion for that of an administrative agency. *See id.*

Mr. Davis testified that he was asked by someone at the state police to replace his first letter, informing the state police of his decision "to resign from and take early retirement with the Arkansas State Police," with another letter stating simply, "I am retiring from the Arkansas State Police." First, the Commission could have found Mr. Davis's first letter to be a more accurate and credible statement of his actions—that is, he was resigning from the state police and taking early retirement. This clearly supports the Commission's determination that Mr. Davis "resigned while he was the subject of a pending internal investigation."

However, regardless of which letter the Commission ultimately determined was intended by Mr. Davis to terminate his employment, substantial evidence supports its finding that Mr. Davis resigned within the meaning of Regulation 1010(3)(a)(iv). Both letters indicated in the reference line that they were letters of resignation. "Resignation" means "a formal notification of relinquishing an office or position."

*Black's Law Dictionary* 1311 (7th ed.1999). This is exactly what Mr. Davis's letter accomplished. "Retirement" is defined as "[v]oluntary termination of one's own employment or career, esp. upon reaching a certain age." *Id.* at 1317. In both letters, Mr. Davis was relinquishing his position with the state police. Mr. Davis has not contended that he terminated his employment because he had reached a certain age. While he had acquired enough years of service to qualify for retirement benefits upon his resignation (as his reference line designated in both letters), he terminated his employment due to the internal-affairs investigation.

The Commission interpreted its own regulation's language as encompassing Mr. Davis's action, whether he denominated his termination as resignation or retirement. Administrative agencies are better equipped by specialization, insight through experience, and more flexible procedures than courts to determine and analyze legal issues affecting their agencies. *Ark. State Police Comm'n v. Smith,* 338 Ark. 354, 357, 994 S.W.2d 456, 458 (1999). We hold that substantial evidence supports the Commission's decision. Accordingly, we affirm the Commission's decision and reverse the circuit court's order.

Circuit Court reversed; Commission affirmed.

GLADWIN and GLOVER, JJ., agree.