The CRAWFORD/SEBASTIAN COUNTY SCAN
*v.* Carolyn KELLY

89-149                                   778 S.W.2d 219

Supreme Court of Arkansas
Opinion delivered October 30, 1989

*James B. Barnhill*, Deputy Counsel, Office of Chief Counsel, Department of Human Services, for appellant.

*Gant & Gant*, for appellee.

JACK HOLT, JR., Chief Justice. The issue in this appeal is what standard of review a court should utilize when reviewing a determination by the Department of Human Services on the issue of whether an alleged child abuser's name should be expunged from the State Central Registry. Jurisdiction is pursuant to Ark. Sup. Ct. R. 29(1)(c).

On February 17, 1988, the appellant, the Crawford/Sebastian County SCAN (SCAN) received an anonymous report of child abuse allegedly perpetrated by the appellee, Carolyn Kelly,

against her nine-year-old son. During an investigative interview on the same day with Amy Evans, an evaluator employed by SCAN, Kelly admitted spanking her son with a belt on February 13, 1988, for wearing his white tennis shoes hunting. She also admitted that the spanking caused bruises but stated that her son bruised easily. She asserted that she had left marks in the past and would continue to do so in the future, that she "sees nothing wrong" with doing so, and that "a child can't get a spanking without leaving bruises."

The evaluator observed and photographed the child's bruises, which included two purple horizontal bruises on his lower right buttock, one above his upper right buttock, a large blister-like bruise on his back left thigh, and a red bruise across his left shin. The child told her that the bruises resulted from a spanking he received on February 13, 1988. According to the evaluator, the child exhibited undue fear of his mother and step-father and indicated that the spanking was not an isolated incident. Based upon this information, the evaluator determined that child abuse was substantiated by the facts, i.e., that there was some credible evidence that child abuse had occurred. See Department of Human Services, *Services Program Policy Manual* § 1823.9 (1988). She recommended lay therapy and parenting classes. She then made a written report of her investigation to the State Central Registry as required by Ark. Code Ann. § 12-12-508 (1987).

Kelly contested the determination of the evaluator, seeking to expunge her name from the State Central Registry pursuant to Ark. Code Ann. § 12-12-516 (1987). An administrative hearing was held at the Crawford County office of the Department of Human Services. The Department determined that there was some credible evidence to substantiate child abuse based upon the admission by Carolyn Kelly that she spanked her son with a belt on February 13, 1988, which resulted in bruises being left; and the photographs of the bruises taken on February 17, 1988, and other photographs of the bruises taken on February 26, 1988. It concluded that no amendment to or change in the State Central Registry was required.

Thereafter, Kelly filed a petition in circuit court asking that the findings of the Department be set aside and that her name be

removed from State Central Registry. After reviewing the record of the administrative hearing, the court found that the decision of the Department was not supported by substantial evidence and ordered the Department of Human Services to strike the name of Carolyn Kelly from its registry. From this order, SCAN appeals.

For reversal, SCAN contends that the trial court erred in applying the substantial evidence rule in that the correct standard of review is the "some credible evidence" test. We agree.

■ As a general rule, a circuit court's review of actions of an administrative agency is limited to a determination of whether there is substantial evidence in the record to support the agency's decision. *Ark. Real Estate Commission* v. *Harrison*, 266 Ark. 339, 585 S.W.2d 34 (1979). *See also Ark. Dept. of Human Services* v. *Simes*, 281 Ark. 81, 661 S.W.2d 378 (1983). However, our code provisions concerning child abuse reporting establish a different standard where the issue being reviewed is whether an alleged child abuser's name should be expunged from the State Central Registry.

Ark. Code Ann. § 12-12-508(f) (1987) provides that "[t]he department shall make a written report or case summary [of the investigation of child abuse], together with services offered and accepted, to the State Central Registry . . . ." Ark. Code Ann. § 12-12-516(a) (1987) states that "[u]nless an investigation of a report conducted pursuant to this subchapter determines that there is *some credible evidence* of alleged abuse, sexual abuse, or neglect, all information identifying the subject of the report shall be expunged from the central registry forthwith." [Emphasis added.] Ark. Code Ann. § 12-12-516(d) provides in pertinent part as follows:

> At any time subsequent to the completion of the investigation, but in no event later than ninety (90) days after receipt of a report, a subject of the report may request the commissioner to amend, seal, or expunge the record of the report. If the commissioner refuses or does not act within a reasonable time, but in no event later than thirty (30) days after the request, the subject shall have the right to a fair hearing to determine whether the record of the report in the central registry should be amended or expunged on the grounds that it is inaccurate or it is being maintained in a

manner inconsistent with this subchapter. The appropriate local child protection agency shall be given fair notice of the hearing. The burden, in such a hearing, shall be on the department and the appropriate local child protection services. In such hearings, the fact that there was a finding of child abuse, sexual abuse, or neglect shall be presumptive evidence that the report was substantiated.

■ Under Ark. Code Ann. § 12-12-516, the apposite question is whether there is some credible evidence of alleged child abuse to support the maintenance of appellee's name in the State Central Registry, not whether there is substantial evidence of such abuse. Accordingly, we reverse and remand for an appropriate determination by the trial court.

Reversed and remanded.

PURTLE, J., dissents.

JOHN I. PURTLE, Justice, dissenting. Whenever the state usurps the role of the family in matters relating to the rearing and disciplining of children, it has gone too far. Whenever an agency of the state is allowed to substitute its judgment and actions for those of the parents, something is amiss. May we expect that soon children will be taken by the state and trained and controlled without interference by parents and family? After all, most parents do not have a "Service Program Policy Manual" and are therefore not prepared for "parenting" in a manner consistent with the edicts of state agencies as interpreted by their employees.

The mother spanked her child because he disobeyed her instructions against wearing his new white shoes into the woods. The child admitted disobeying his mother; moreover, he admitted punishment was justified. He surely should not have been rewarded for his disobedience. In *Towery* v. *Towery*, 285 Ark. 113, 685 S.W.2d 155 (1985), we noted that "children must generally obey their parents and have their consent in legal matters." As it stands now, the parent will be publicly labeled as an abuser of her child in the "State Central Registry," with an enduring scarlet "A" before her name.

The trial judge observed and heard the witnesses as they were presented and was therefore in a much better position than this court to evaluate the testimony. The child was, no doubt,

whipped too hard — however, given the circumstances in this case, the degree of severity was obviously a subjective matter best entrusted to the trial court's judgment.

Nothing indicates that the same thing had happened before or that it would happen again. The mother readily admitted she would use corporal punishment in the future if warranted. She was shocked, as most people would be, to find that SCAN could invade her home without a warrant and brand her as a child abuser for all the world to see.

An employee of SCAN, a state agency, heard a rumor that the child had been whipped — not beaten — and went into the home, partially undressed the child, took pictures of his buttocks, and filed the photos in the public records. While in this case there was some basis for the rumor, the next time things may be different. A spiteful person or a gossip could wreak havoc in any home in any neighborhood simply by phoning SCAN and whispering rumors of abuse or neglect.

Child abuse is indeed a grave problem and must be eliminated so far as humanly possible. However, the eradication of this evil should not be used as the ostensible justification for the invasion of the home and the destruction of the parent-child bond. We have criminal statutes that may be invoked to bring real child abusers to justice.

If SCAN has actual information of child abuse, it should furnish it to the prosecuting attorney or other law enforcement agencies. Not only does SCAN refuse to abide by rules and guidelines concerning law enforcement, it has now set up its own judicial system — an administrative review body consisting of persons selected by SCAN. The outcome presumably will be consistent.

The general rule with respect to the parent-child relationship is that the family is an autonomous entity under the direction and discipline of the parents. 59 Am. Jur. 2d, *Parent and Child*, § 10. Further, as this court observed in *Davis* v. *Smith*, 266 Ark. 112, 583 S.W.2d 37 (1979): "[T]here remains no lingering doubt . . . that the rights of parents to the care, custody and upbringing of their children are the subject of constitutional protection on both due process and equal protection standards."

Certainly, parental authority concerning a child's welfare is subject to state restriction and regulation. 59 Am. Jur. 2d, *Parent and Child*, § 11. Nevertheless, undue state interference in the natural rights of parents to the custody and control of their children must not be permitted under the laudable pretext of preventing child abuse.