# ARKANSAS DEPARTMENT OF HUMAN SERVICES
## *v.* Pat CALDWELL

CA 91-296                                        832 S.W.2d 510

### Court of Appeals of Arkansas
### Division II
### Opinion delivered June 24, 1992

*S. Whittington Brown*, for appellant.

*W. Paul Blume* and *Ted H. Sanders*, for appellee.

JUDITH ROGERS, Judge. The Department of Human Services appeals from the decision of the Baxter County Circuit Court reversing the agency's finding of some credible evidence of abuse, as allegedly perpetrated by appellee, Pat Caldwell, and thereby directing the removal of appellee's name from the State Central Registry. In addition to finding no credible evidence of abuse, the court also found that appellant's policies gave rise to an irrebuttable presumption of abuse, and held that the appellant's application of its policies under the facts of this case was arbitrary and capricious, and denied appellee due process of law. On appeal, appellant advances three issues, arguing that: (1) the trial court erred in holding that the hearing officer's findings were not supported by some credible evidence; (2) the trial court erred in ruling that its policies created an irrebuttable presumption of abuse; and (3) the trial court exceeded its authority under the Administrative Procedures Act.[1] We affirm.

On Thursday, September 22, 1988, appellee, who is an assistant principal at the Guy Berry Middle School in Mountain Home, paddled three fifth grade students who had been caught smoking on the playground. It was violation of school rules not only to smoke, but also to possess and strike matches on the school premises. In the presence of another teacher as a witness, the child in question received three licks with a wooden paddle, as did another one of the girls, while the third child only received one lick, as she did not actually smoke the cigarette. The girls were also instructed to write a report on smoking. The following afternoon, the child's mother noticed bruises on her daughter's buttocks. Feeling that the bruises had resulted from the spanking, the mother contacted school officials and then reported the paddling to the Baxter County Division of Children and Family Services as an incident of suspected child abuse. The assigned caseworker met with the child and her mother the next morning and took pictures of the child's buttocks. Upon completing the investigation, which included interviews with appellee and school

---

[1] On March 23, 1991, we certified this case to the supreme court under subsections (1) (c) and (4)(b) of Rule 29 of the Rules of the Supreme Court and Court of Appeals. Certification was refused.

personnel, and after consulting with her area manager, the caseworker "substantiated" the allegation of child abuse and forwarded a written report of the investigation for recordation in the State Central Registry, as is required pursuant to Ark. Code Ann. § 12-12-508 (1987). Appellee then requested administrative review of this determination, seeking to expunge her name from the registry. A hearing was held on May 31, 1989, after which the hearing officer issued an order in which she found "some credible evidence" to substantiate the occurrence of abuse. Appellee appealed to the circuit court, which reversed the agency's decision and directed that appellee's name be stricken from the registry. This appeal followed.

As its first issue, appellant contends that the trial court erred in determining that the hearing officer's findings were not supported by some credible evidence. We disagree.

Under the School Discipline Act, it is stated that any teacher or school principal may use corporal punishment in a reasonable manner against any pupil for good cause in order to maintain discipline and order within the public schools. Ark. Code Ann. § 6-18-505(c) (1987). For our purposes here, "abuse" is defined as any nonaccidental physical injury inflicted on a child by anyone legally responsible for the care and maintenance of the child, or an injury which is at variance with the history given. *See* Ark. Code Ann. § 12-12-502(2) (1987).[2] The question upon review in the circuit court is whether there is some credible evidence of alleged abuse to support the maintenance of the alleged abuser's name in the State Central Registry. *See Crawford/Sebastian County SCAN v. Kelly*, 300 Ark. 206, 778 S.W.2d 219 (1989). Our review is similarly limited and, on appeal, we review the entire record in making this determination. *Ark. Alcoholic Beverage Control Bd. v. Muncrief*, 308 Ark. 373, 826 S.W.2d 816 (1992).

At the administrative hearing, appellee testified that she was in charge of the school that day because the principal was absent.

---

[2] Ark. Code Ann. §§ 12-12-501 to -518 (1987), in effect at the time of these proceedings, has been repealed as amended by Act 1208 of 1991. The current subchapter dealing with child abuse reporting is codified at Ark. Code Ann. §§ 12-12-501 to -518 (Supp. 1991).

She said that she learned of the infraction from another teacher, and that, before deciding to paddle the children, she called another administrator for advice as to the appropriate punishment, stating that it was a difficult decision since this was the first incident of smoking she had confronted involving children in that age group. Appellee questioned the girls both separately and together. She explained that, because she had taken the child to the hospital the previous year when she had broken her arm on the playground, she shared a special relationship with the child such that the conversation with her dealt more with disappointment than with anger over what she had done. Appellee testified that she followed the normal routine in administering the paddling, which included obtaining another teacher as a witness. The children were first made to tell the witness what they had done wrong, and when paddled, each were told to bend over and touch their knees, so that the buttocks would be easily hit, and to look forward, rather than at her, to hopefully prevent them from moving. She said that the child remained still while she was being paddled, and that she gave her three "average" swats. She denied that she paddled the child in anger, and said that she would not have expected the child to have bruised from the paddling that she gave. She felt that she had spanked her appropriately and had not abused her, and that the only thing she could think of was that the child was wearing a thin dress that day.

The witness, Patricia Wallace, a fourth grade teacher, testified that she was positioned in front of the children as they were being paddled, and that the child displayed little reaction to the paddling. She said that she witnesses about half of the paddlings that occur at the school, and remarked that the licks in this instance were not out of the ordinary or excessive, but that they were rather light. She stated that appellee was calm, and not angry when she spanked these children. Michelle Ervin, the school nurse, saw the child on Monday, September 26th, four days after the paddling. In her report, she stated that she observed four very faint bruises which were about three quarters of an inch in diameter. She said that there was no swelling or other abrasions in the area. In her testimony, she said that she had to kneel and get about eight inches away before the bruises could be seen.

The child also testified at the hearing. She related that her behind was sore after the paddling, particularly when she sat

down, and she felt that she was being hit hard when she was spanked. She said that she cried both before and after the paddling. She further testified that appellee was disappointed in her for smoking, but not angry.

The child's mother testified that she learned of the spanking the next day when appellee directed the child to telephone her from school because the child had someone else sign her name to the note which was sent home to inform her of the paddling. She said that, when her daughter got home that afternoon, she looked at the child's buttocks and observed bruises after the child had explained to her how badly the spanking had hurt and that it hurt to sit down. The mother agreed that the child deserved a spanking for what she had done, but she felt that the paddling was excessive, stating that "it was just too hard." She said that her daughter bruised often, but "normal" in comparison to other children.

Jennifer Baker, the caseworker who investigated the report, testified that after she had completed the interviews she did not feel that appellee had been abusive. In substantiating the allegation, she said that the deciding factor was that marks were left from the paddling. She related that according to the department's policy she must substantiate an allegation of abuse if bruises remain after a twenty-four hour period. Because of this policy, she stated that she was compelled to substantiate the allegation in this case since bruises had resulted from the paddling. John Hangen, Ms. Baker's supervisor, who advised her in reaching a decision on this matter, testified it was the agency's position that, "if there is bruising, it is abusive and with bruising, we substantiate abuse." He said that his staff is directed to consider that discipline which results in bruising is excessive and physically abusive. He explained that the department needed to have a guideline, and that the guideline was that bruising is abusive.

Based on our review of the testimony and the photographs that were taken, we must agree with the decision of the circuit court reversing the agency's determination. In so holding, we are impressed with the caseworker's testimony that she did not feel that the paddling was abusive, and that substantiation was based solely on the evidence of bruising. We do not believe that one factor, standing alone and applied as a litmus test, without

consideration of all the attendant circumstances, is an appropriate measure to be used in all cases for determining whether an allegation of abuse is to be substantiated. There must be some exercise of judgment, as this is an area which does not lend itself to facile determination. On this record, we uphold the circuit court's finding of no credible evidence to support the allegation of abuse, and its finding that the punishment was not excessive or abusive.

Because of our holding on this issue, we need not address the remaining issues advanced by appellant which concern the trial court's alternative ground for reversing the agency's decision.

Affirmed.

CRACRAFT, C.J., and DANIELSON, J., agree.