## Ted DEWEESE *v.* POLK COUNTY CHILDREN & FAMILY SERVICES

CA 91-471          842 S.W.2d 446

Court of Appeals of Arkansas
Division I
Opinion delivered December 16, 1992

*Young, Patton, & Folsom*, by: *Damon Young*, for appellant.

*Bruce P. Hurlbut*, Asst. Chief Counsel, for appellee.

MELVIN MAYFIELD, Judge. Ted DeWeese appeals from the decision of the Circuit Court of Polk County which affirmed the agency finding of some credible evidence that the appellant engaged in sexual contact with S.J. on April 10, 1987, and which denied appellant's request to remove his name from the Arkansas Child Abuse and Neglect Central Registry.

On April 25, 1987, Elizabeth Thomas, a Field Service Specialist with the Arkansas Department of Human Services (DHS), received a complaint regarding alleged sexual activity involving appellant and S.J., a four-year-old child. Ms. Thomas turned the investigation over to the Arkansas State Police in accordance with DHS policy in cases where the alleged perpetrator is not responsible for the welfare of the child or related to the child and on April 28, 1987, appellant was charged with the crime of rape.

Appellant filed a request for expunction of the Arkansas Child Abuse and Neglect Central Registry records on the case and on July 6, 1987, Ms. Pat Page, Assistant Deputy Director for Field Operations, notified appellant that DHS had determined there is "some credible evidence" of abuse/neglect and that his request for expunction was therefore denied.

On November 19, 1987, a trial was held on the criminal charges which resulted in a "hung" jury. The jury voted 11 to 1 to acquit. Subsequently, on February 9, 1988, the trial court granted the motion of the State of Arkansas to nolle prosequi the case.

On December 9, 1987, S.J. and her family filed a civil suit against appellant and the guidance center at which appellant worked alleging appellant had engaged in deviate sexual activity with S.J. On May 10, 1989, the judge in that case granted a motion for summary judgment filed by appellant and the other defendants, and the complaint was dismissed with prejudice.

On July 21, 1989, an administrative hearing was held concerning appellant's request for expunction. In a final order dated August 18, 1989, the department determined there was "some credible evidence" to support the finding that appellant engaged in sexual contact with S.J. during speech therapy sessions, specifically during the session held April 10, 1987. Appellant's application for amendment and correction to the records of the Arkansas Child Abuse and Neglect Central Registry was denied.

On appeal to circuit court, the trial judge stated the standard of review as "whether there is substantial evidence to support the agency decision that there was some credible evidence" and,

based on that standard, denied appellant's request for reversal.

Appellant argues on appeal to this court that: (1) hearsay was erroneously admitted into evidence at the administrative hearing; (2) the hearing officer's denial of appellant's application was not supported by substantial evidence; and (3) appellant was denied his constitutional rights in that he was required to prove his entitlement to relief three times. Because the trial judge used the wrong standard of review, we are unable to reach the merits of appellant's arguments.

Judicial review of administrative adjudication is established by the Arkansas Administrative Procedure Act. Arkansas Code Annotated § 25-15-212 (Repl. 1992) provides for review of administrative action by circuit court. Subsection (h) provides:

> The court may affirm the decision of the agency or remand the case for further proceedings. It may reverse or modify the decision if the substantial rights of the petitioner have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
>
> (1) In violation of constitutional or statutory provisions;
>
> (2) In excess of the agency's statutory authority;
>
> (3) Made upon unlawful procedure;
>
> (4) Affected by other error or law;
>
> (5) Not supported by substantial evidence of record; or
>
> (6) Arbitrary, capricious, or characterized by abuse of discretion.

In *Arkansas State Bank Commissioner* v. *Bank of Marvell*, 304 Ark. 602, 804 S.W.2d 692 (1991), our supreme court stated:

> The applicable standard of review has been often stated. The rules governing judicial review of decisions of administrative agencies are the same for both the circuit and appellate courts. This review is limited in scope and such decisions will be upheld if supported by substantial

evidence and not arbitrary, capricious or characterized by an abuse of discretion. Administrative action may be regarded as arbitrary and capricious only where it is not supportable on any rational basis. It has been said that the appellate court's review is directed, not toward the circuit court, but toward the decision of the agency.

304 Ark. at 604 (citations omitted).

■ However, the substantial evidence standard contained within the Administrative Procedure Act was apparently superseded by our code provisions concerning child abuse reporting. In *Crawford/Sebastian County SCAN* v. *Kelly*, 300 Ark. 206, 778 S.W.2d 219 (1989), the trial court, after reviewing the record of the administrative hearing, found that the decision of the Department was not supported by substantial evidence. Our supreme court held that under Ark. Code Ann. § 12-12-516 (1987) the question was whether there was some credible evidence of the alleged abuse to support the maintenance of an accused's name on the registry, and the case was reversed and remanded for an appropriate determination by the trial court.

■ Because the trial judge in the instant case also applied the substantial evidence standard rather than the some credible evidence standard, we reverse and remand to the trial court for an appropriate determination.

We note, however, that although the some credible evidence standard supersedes the substantial evidence standard established by Ark. Code Ann. § 25-15-212(h), the remaining portions of that subsection remain in effect.

Reversed and remanded.

CRACRAFT, C.J., and ROGERS, J., agree.