ARKANSAS DEPARTMENT of HUMAN SERVICES *v.*
Ronald PARKER

CA 04-311                                      197 S.W.3d 33

Court of Appeals of Arkansas
Opinion delivered November 3, 2004

[Rehearing denied December 8, 2004.]

*Gray Allen Turner*, for appellant.

*R. Victor Harper*, for appellee.

ROBERT J. GLADWIN, Judge. Appellant Arkansas Department of Human Services (DHS) appeals the entry of an order of the Lincoln County Circuit Court that found appellee Ronald Parker should have his name removed from the child-abuse

registry. The ruling was based upon the circuit judge's finding that Parker, as a stepparent acting at the direction of and in concert with the natural mother in their household, was merely disciplining the children. Because the judge found that the administrative law judge (ALJ) erred in not including Parker in the exception allowing for reasonable and moderate discipline by a parent or guardian, he expunged Parker's name from the child-abuse registry. From that decision comes this appeal with DHS arguing that the agency's decision should be reinstated. We disagree.

■ This court's review is limited in scope and is directed not to the decision of the circuit court but to the decision of the administrative agency. *Arkansas Cont. Lic. Bd. v. Pegasus Renovation Co.*, 347 Ark. 320, 64 S.W.3d 241 (2001); *Tomerlin v. Nickolich*, 342 Ark. 325, 27 S.W.3d 746 (2000). Review is limited to ascertaining whether there is substantial evidence to support the agency's decision. *Tomerlin v. Nickolich*, 342 Ark. at 331, 27 S.W.3d at 749; *Arkansas Bd. of Exam'rs v. Carlson*, 334 Ark. 614, 976 S.W.2d 934 (1998); *Arkansas Dep't of Human Servs. v. Thompson*, 331 Ark. 181, 959 S.W.2d 46 (1998). We review the entire record in making that determination. *Arkansas Bd. of Exam'rs v. Carlson, supra.*

■ Administrative agencies are better equipped than courts, by specialization, insight through experience, and more flexible procedures to determine and analyze underlying legal issues affecting their agencies, and this recognition accounts for the limited scope of judicial review of administrative action and the refusal of the court to substitute its judgment and discretion for that of the administrative agency. *Tomerlin v. Nickolich supra.* Administrative decisions will be upheld if they are supported by substantial evidence and are not arbitrary, capricious, or characterized by an abuse of discretion. *McQuay v. Arkansas State Bd. of Architects*, 337 Ark. 339, 989 S.W.2d 499 (1999). These standards are consistent with the provisions of the Administrative Procedure Act codified at Ark. Code Ann. §§ 25-15-201 to 25-15-214.

Under the Administrative Procedure Act, the circuit court or appellate court may reverse the agency decision if it concludes:

> (h) [T]he substantial rights of the petitioner have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
>
> (1) In violation of constitutional or statutory provisions;

(2) In excess of the agency's statutory authority;

(3) Made upon unlawful procedure;

(4) Affected by other error or law;

(5) Not supported by substantial evidence of record; or

(6) Arbitrary, capricious, or characterized by abuse of discretion.

Ark. Code Ann. § 25-15-212(h) (Repl. 1996).

██ ██ Substantial evidence is defined as "valid, legal, and persuasive evidence that a reasonable mind might accept as adequate to support a conclusion, and force the mind to pass beyond conjecture." *Tomerlin*, 342 Ark. at 333, 27 S.W.3d at 751 (*quoting Arkansas State Police Comm'n v. Smith*, 338 Ark. 354, 362, 994 S.W.2d 456, 461 (1999)). To establish an absence of substantial evidence, the challenging party must demonstrate that the proof before the administrative tribunal was so nearly undisputed that fair-minded persons could not reach its conclusion. *Id.* We review the entire record in making this determination. *Arkansas Alcoholic Beverage Control Bd. v. Muncrief*, 308 Ark. 373, 825 S.W.2d 816 (1992). Although an agency's interpretation of a statute is highly persuasive, where the statute is not ambiguous, we will not interpret it to mean anything other than what it says. *Social Work Licensing Bd. v. Moncebaiz*, 332 Ark. 67, 71, 962 S.W.2d 797, 799 (1998).

With these rules of law, the evidence that was presented at the administrative level must be examined. On January 21, 2003, an abuse hotline report was made indicating that appellant's stepchildren had been abused. Appellant admitted that he used a belt to spank eight-year-old H.H., six-year-old C.P., and three-year-old I.P. for misbehaving Appellant was married to their mother, and the children resided in their home. On that particular day, the children's mother told appellant that the children had misbehaved all day and, after having given them three warnings, she gave them "one lick," which was ineffective. After discussing what to do, they agreed that he would give them "three licks" with a belt, and acting in a rational manner, he administered that punishment. Both appellant and his wife denied that any child was slapped.

The hotline call was attributed to the children's maternal grandmother, who did not like appellant. A family services worker came out the next day to investigate. She was told by H.H. and I.P. that their stepfather slapped I.P. in the face for her misbehaving, but C.P. denied that it occurred. They all believed that they had been spanked with a belt for disobeying their mother. The worker said that she observed and photographed the children's behinds and noted that there were linear bruise marks consistent with a belt on H.H. and C.P. There were no marks on I.P.'s face or buttocks. The photos were not admitted into evidence. The worker opined that the marks were "minor and transient" and that the abuse investigation should be found untrue.

On this evidence, the agency found that a preponderance of the evidence supported a finding of abuse against appellant with regard to only H.H. and C.P. because of the spanking with a belt. The ALJ defined abuse in this context as any person inflicting on a child "any *injury* which is at variance with the history given." Ark. Code Ann. § 12-12-503(2)(A)(iv) (Repl. 2003) (emphasis in administrative opinion.). The ALJ further cited to subsection (2)(C)(i), (iii), and (iv) (Repl. 2003) which provides that abuse does *not* include:

> [D]iscipline of a child when it is reasonable and moderate and is inflicted *by a parent or guardian* for purposes of restraining or correcting the child . . . Reasonable and moderate physical discipline inflicted by a parent or guardian shall not include any act that is likely to cause and which does cause injury more serious than transient pain or minor temporary marks . . . The age, size, and condition of the child and the location of the injury and the frequency or recurrence of injuries shall be considered when determining whether the physical discipline is reasonable or moderate[.]

(Emphasis in administrative opinion.)

The administrative officer specifically found that appellant, as a stepfather, did not enjoy the protection of this reasonable-and-moderate-discipline exception. He appealed, and the circuit court found that he did fall within the discipline portion of the statute. DHS appealed to our court.

The argument on appeal by DHS focuses on DHS's belief that appellant slapped three-year-old I.P. in the face to uphold the finding of abuse, a finding not made by the ALJ. This

is specifically a basis to find abuse, with or without injury, where the child is age six or under. Ark. Code Ann. § 12-12-503(2)(A)(vii)(a) (Repl. 2003). However, we are limited to the ALJ's findings: that only H.H. and C.P. suffered "an injury at variance with the history." I.P. was not the subject of this administrative finding.

DHS also argues that the ALJ was correct to exclude the exception. Appellant initially claims that appellee failed to preserve this issue for appeal. We hold that this issue is preserved.

Appellee argues that the ALJ incorrectly found that he committed abuse. He contends that there is no substantial evidence to support the ALJ's finding.

■ The ALJ, in making his finding, defined the abuse in this context as any person inflicting on a child "any injury which is at variance with the history given." The bruising here was not at variance with the history given. It was undisputed that appellee spanked the two older children, and as a result they sustained bruises on their buttocks. That injury is entirely consistent with the history given. As a result, we hold that the ALJ's finding was arbitrary, capricious, and an abuse of discretion.

■ The ALJ also found that appellee should not be afforded the protection of the discipline exception of Ark. Code Ann. § 12-12-503(2)(C)(i) because he was not a parent. The statute defines "parent," and appellant does not fit into that category; however, it does not define "guardian." Appellant suggests that we look to Ark. Code Ann. § 28-65-101 (Repl. 2004) which provides that a "guardian" is one appointed by the court to have the care and custody of the person or the estate, or of both, or of an incapacitated person. We believe that the definition of "guardian" found in the criminal code regarding sexual offenses is more on point. Arkansas Code Annotated section 5-14-101(10) (Repl. 1997) provides:

> Guardian means parent, step-parent, legal guardian, legal custodian, foster parent or anyone who, by virtue of a living arrangement is placed in an apparent position of power or authority over a minor.

Certainly, considering the definition found in the criminal statute, which is more akin to the child-abuse statute, appellee was a guardian because he was a stepparent and one who lived with the children in an apparent position of authority.

■ Finally, both parties cite *ADHS v. Caldwell*, 39 Ark. App. 14, 832 S.W.2d 510 (1992), where our court held that a student receiving three average "licks" with a paddle at school that resulted in bruising on the buttocks did not warrant a school official being placed on the child-abuse registry. That case is not relevant to our analysis because the exception applied to a school official, which is not the issue in the case at bar.

■ For the reasons stated above, we hold that the ALJ's decision is not supported by substantial evidence and, accordingly, affirm the circuit court's decision.

Affirmed.

ROBBINS and VAUGHT, JJ. agree.