ARKANSAS DEPARTMENT of HUMAN SERVICES v. Shelly HOLMAN

CA 05-1197                                    240 S.W.3d 618

Court of Appeals of Arkansas
Opinion delivered October 4, 2006

*Arkansas Department of Human Services, Office of Chief Counsel,* by: *Gray Allen Turner,* for appellant.

*Taylor Law Firm,* by: *Russell C. Atchley,* for appellee.

JOHN MAUZY PITTMAN, Chief Judge. The Division of Children and Family Services found that appellee, assistant principal at Berryville Elementary School, committed child maltreatment when she caused bruises on D.B. while disciplining him. Appellee requested an administrative hearing. The administrative law judge found that appellee committed child maltreatment while disciplining D.B. and ordered that appellee's name be placed on the Central Registry of Child Abusers. Appellee then sought judicial review. After reviewing the record, the circuit court found that the administrative law judge's opinion was not supported by substantial evidence and ordered that appellee's name be stricken from the Central Registry. The Arkansas Department of Human Services brought the present appeal seeking reinstatement of the administrative decision. The Department argues that there is substantial evidence to support the administrative law judge's findings that appellee committed child maltreatment. We disagree.

A decision by the Department of Human Services is governed by the Administrative Procedure Act, Ark. Code Ann. § 25-15-212 (Supp. 2005). The appellate court's review is directed not toward the circuit court, but instead toward the decision of the agency. *Batiste v. Arkansas Department of Human Services*, 361 Ark. 46, 204 S.W.3d 521 (2005). Review of administrative decisions is limited in scope; the agency's decision will be upheld if there is any substantial evidence to support it. *Id.*; *Teston v. Arkansas State Board of Chiropractic Examiners*, 361 Ark. 300, 206 S.W.3d 796 (2005). Substantial evidence is evidence that is valid, legal, and persuasive and that a reasonable mind might accept to support a conclusion and force the mind to pass beyond speculation and conjecture. *Arkansas Board of Examiners v. Carlson*, 334 Ark. 614, 976 S.W.2d 934 (1998). The question is not whether the testimony would have supported a contrary finding, but whether it would support the finding that was made. *Id.* It is the prerogative of the board to believe or disbelieve any witness and to decide what weight to accord the evidence. *Id.*

At the hearing, held on January 25, 2005, it was uncontested that D.B. had been disciplined for fighting at school; that D.B.'s parents were given the choice of a three-day suspension or corporal punishment; that the parents opted for corporal punishment; that the punishment consisted of spanking with a paddle approximately two and one-half inches wide and two feet in length; that both of the parents were present when the punishment was administered, as was school administrator Matt Summers; that D.B. was wearing jeans during the punishment; that the punishment consisted of three swats with the paddle; that none of the witnesses told appellee to stop or that she was hitting D.B. too hard; that D.B. did not cry out during the punishment; that D.B. expressed no pain to anyone; that D.B.'s mother disagreed with the concept of corporal punishment; that D.B.'s mother photographed D.B.'s buttocks several times approximately ninety minutes after the paddling; that the photographs showed some bruising; that D.B.'s mother took D.B. to a physician for examination two days later; and that the physician was of the opinion that the bruises did not suggest child abuse.

Pursuant to Arkansas Code Annotated § 12-12-503(2)(a)(v) (Repl. 2003), "abuse" includes infliction of a nonaccidental physical injury by any person who is entrusted with the juvenile's care by a parent, guardian, custodian, or foster parent, including an agent or employee of a public or private school. However, the

School Discipline Act authorizes every teacher to hold every pupil strictly accountable for any disorderly conduct in school or on the playground of the school, and provides that any teacher or school administrator in a school district that authorizes use of corporal punishment in the district's written student discipline policy may use corporal punishment against any pupil in order to maintain discipline and order within the public schools, provided only that the punishment is administered in accord with the district's written student discipline policy. Ark. Code Ann. § 6-18-505(b) and (c)(1) (Repl. 1999). A school district discipline policy authorizing the use of corporal punishment must include provisions for administration of the punishment, including that it be administered only for cause, be reasonable, follow warnings that the misbehavior will not be tolerated, and be administered by a teacher or a school administrator and only in the presence of a school administrator or his designee. Ark. Code Ann. § 6-18-503(b)(1) (Repl. 1999).

The disciplinary policy in effect in the Berryville Elementary School when D.B. was disciplined authorized reasonable corporal punishment of unruly students with the caveat that such punishment should be administered with extreme care and caution. The administrative law judge's finding that appellee abused D.B. was based solely on his finding that the punishment she administered was not reasonable or exercised with extreme care and caution. That finding, in turn, was expressly founded on the following reasoning:

> The punishment administered by the petitioner was not reasonable, because it was not administered with extreme care and caution. The lack of care and caution is evidenced by D.B.'s injuries. The injuries sustained as a result of the discipline are excessive. D.B. sustained [a] very large and very intensely red bruise on his right buttock and a smaller red bruise on the left buttock. Due to their size, these bruises were more than mere minor marks.

Based on our review of the record, including the photographs, we conclude that the circuit court correctly reversed the agency's determination of abuse. It is true that photographs taken less than two hours after the paddling display bruising that is clearly visible. However, we have held that evidence of bruising, standing alone, cannot be used as a legal litmus test for abuse to the exclusion of all other attendant circumstances. *Arkansas Department of Human Services v. Caldwell*, 39 Ark. App. 14, 832 S.W.2d 510 (1992). Here, the punishment was approved by the child's parents

and was conducted according to the procedures set out in the school handbook in the presence of both of the child's parents and a school administrator. The child, a 90-pound boy, was given three swats with a paddle by the 110-pound teacher. The boy did not cry out, no one complained or attempted to stop the punishment, and the child returned to class immediately afterward without complaint or incident. We are especially impressed with the evidence that the physician who examined D.B. two days afterward was of the opinion that the marks still visible were not indicative of abuse and, above all, by D.B.'s candid testimony at the hearing that:

> Last April, I got in trouble at school. Ms. Holman spanked me. When she spanked me, I just felt a sting. It hurt a couple of minutes afterwards but that's all.

Finally, we note that appellant relies on several other items of testimony that, if found to be true by the agency, might arguably have supported its decision. However, courts may not accept the appellate counsel's post hoc rationalizations for an agency action; an agency's action must be upheld on a basis articulated by the agency itself.

Circuit court affirmed; agency decision reversed.

GLADWIN and GLOVER, JJ., agree.