BART F. VIRDEN, Judge
Appellant Cleveland Smith appeals from the Pulaski County Circuit Court's decision affirming a determination by an administrative law judge (ALJ) with the Arkansas Department of Human Services (DHS) that his name shall remain on the Arkansas Child Maltreatment Central Registry as a result of a true finding of abuse stemming from an incident that occurred in 2002. Smith argues that (1) his name should be removed from the registry because the finding of abuse is not supported by substantial evidence, (2) his due-process rights were violated when DHS failed to notify him of the true report in 2002, and (3) the true finding of abuse should be overturned because DHS failed to timely conduct an administrative hearing. We affirm the decision reached by both the agency and the circuit court.
I. Standard of Review
Review of administrative agency decisions, by both the circuit court and an appellate court, is limited in scope. Ark. Dep't of Human Servs. v. Bixler , 364 Ark. 292, 219 S.W.3d 125 (2005). The review by an appellate court is directed not to the decision of the circuit court, but rather to the decision of the administrative agency. Ark. Dep't of Human Servs. v. A.B. , 374 Ark. 193, 286 S.W.3d 712 (2008). It is not the role of the circuit court or an appellate court to conduct a de novo review of the record; rather, review is limited to ascertaining whether there is substantial evidence to support the agency's decision. Id.
Substantial evidence is defined as "valid, legal, and persuasive evidence that a reasonable mind might accept as adequate to support a conclusion and forces the mind to pass beyond conjecture." Id. at 199, 286 S.W.3d at 717 (quoting Ark. State Police Comm'n v. Smith , 338 Ark. 354, 362, 994 S.W.2d 456, 461 (1999) ). The challenging party has the burden of proving an absence of substantial evidence. Id. To establish an absence of substantial evidence, the challenging party must demonstrate that the proof before the administrative agency was so nearly undisputed that fair-minded persons could not reach its conclusion. Id. The question is not whether the testimony would have supported a contrary finding but whether it supports the finding that was made. Id.
The Arkansas Administrative Procedure Act (APA) provides that a reviewing court may reverse or modify the agency's decision if it concludes that the substantial rights of the petitioner have been prejudiced *294 because the administrative findings, inferences, conclusions, or decisions are (1) in violation of constitutional or statutory provisions, (2) in excess of the agency's statutory authority, (3) made upon unlawful procedure, (4) affected by other error or law, (5) not supported by substantial evidence of record, or (6) arbitrary, capricious, or characterized by abuse of discretion. Ark. Code Ann. § 25-15-212(h) (Supp. 2017).
The supreme court has previously noted that administrative agencies are better equipped than courts, by specialization, insight through experience, and more flexible procedures, to determine and analyze underlying legal issues affecting their agencies. A.B. , supra. This recognition accounts for the limited scope of judicial review and the refusal of an appellate court to substitute its judgment and discretion for that of the administrative agency. Id. Thus, in making the substantial-evidence determination, we review the entire record and give the evidence its strongest probative force in favor of the agency's ruling. Id. Between two fairly conflicting views, even if the reviewing court might have made a different choice, the agency's decision must not be displaced. Id.
II. Procedural History
In June 2002, a report was made to the Arkansas Child Abuse Hotline alleging that Smith had abused his then teenage daughter, V.S. Matthew Caton, an investigator with the Arkansas State Police Crimes Against Children Division (CACD), was assigned to investigate the allegations of child maltreatment. During the investigation, those persons who were involved were interviewed, and photographs were taken of V.S.'s injuries. The CACD determined that the evidence supported the allegations against Smith, and the investigation was referred to the Division of Children and Family Services. Based on the true report, Smith's name was placed on the Child Maltreatment Central Registry.
A hearing by telephone was held in August 2016 to determine whether Smith had received notice of the investigative determination in 2002 and whether his name should remain on the registry. The ALJ later found that the record contained insufficient evidence that Smith had received notice of the true report in 2002.
During the hearing, Smith testified that he had been driving freight trucks in June 2002 and that he had come home one evening and could not find V.S. According to Smith, V.S., then thirteen or fourteen years old, was rebellious and would not stay away from a young man of whom Smith did not approve. Smith and his wife searched for V.S. and finally found her at her cousin's house around 1:00 a.m. Smith testified that he was "upset at the fact that we couldn't find her" and that he disciplined V.S. by "whooping" her with a belt.
V.S. testified that Smith had tried to "whoop" her on her behind with the belt but that she was "a runner" and tried to "fight back." V.S. testified that she did not remember how many times her father had struck her; she did not remember her father striking her on her back; and she did not remember being interviewed or photographed at the DHS office. V.S. said that at the time of the 2002 incident, she was "mad." She further stated that her cousin had encouraged her to lie about the incident to get Smith in trouble because the family did not like him. V.S. testified that Smith was not an abusive father and said to him, "I actually thank you for everything you have done to make me the way I am now."
*295 The ALJ entered a final order finding the following:
First, I find that sufficient evidence was presented that Smith caused a non-accidental physical injury to V.S. I based my finding on the following: While I noted that Smith denied that he struck V.S. with an extension cord, Smith admitted that he struck V.S. with a belt during the course of physical discipline. The pictures that were included in the investigative file show linear and curved welts on V.S.'s upper arm and physical injuries on V.S.'s upper back and upper arm, which appear to be scabbed over. Regardless of whether Smith struck V.S. with a belt or an extension cord, I find that V.S.'s physical injuries appear to be consistent with being struck by a linear object.
Second, in this case, even though the record lacks evidence that Smith had a history of causing physical injuries to V.S. during the course of physical discipline, I find that sufficient evidence was presented that V.S.'s physical injuries were more serious than minor temporary marks or transient pain; and, therefore, there was sufficient evidence that Smith exceeded the reasonable and moderate physical discipline standard. In determining that Smith exceeded the reasonable and moderate physical discipline standard, I considered the instrument used (belt), the fact that Smith's actions of striking V.S. with a belt broke the skin, which was evidenced by the fact that a couple of V.S.'s physical injuries were scabbed over, and the location of the physical injury on V.S.'s body (upper arm and upper back). I also find that, in this case, V.S.'s physical injuries (broken skin) were more than transient pain, or a minor temporary mark.
On judicial review, the circuit court summarily affirmed the ALJ's decision. On appeal to this court, we ordered Smith to produce a sealed supplemental record and sealed supplemental addendum to include the color photographs of V.S.'s injuries. Smith v. Ark. Dep't of Human Servs. , 2018 Ark. App. 153, 2018 WL 1078529. The appeal is back before this court with those color photographs.
III. Discussion
A. Sufficiency of True Finding of Abuse
"Abuse" includes any nonaccidental physical injury by a parent. Ark. Code Ann. § 12-18-103(3)(A)(v) (Supp. 2017). "Abuse" does not include physical discipline of a child when it is reasonable and moderate and is inflicted by a parent for purposes of restraining or correcting the child. Ark. Code Ann. § 12-18-103(3)(C)(i). Reasonable and moderate physical discipline inflicted by a parent does not include any act that is likely to cause and which does cause injury more serious than transient pain or minor temporary marks. Ark. Code Ann. § 12-18-103(3)(C)(iii). The age, size, and condition of the child and the location of the injury and the frequency or recurrence of injuries shall be considered when determining whether the physical discipline is reasonable or moderate. Ark. Code Ann. § 12-18-103(3)(C)(iv).
Smith argues that there is no credible evidence of abuse to support keeping his name on the maltreatment registry. He states that he disciplined his daughter with a belt for running away from home and disobeying her parents. Smith contends that, even though the record contains photographs of bruises, that alone is not conclusive evidence of abuse. Smith points out that there was no evidence that V.S. had required medical attention for her injuries and that she had not been removed from the home or from his custody.
*296 It is the prerogative of the agency to believe or disbelieve any witness and to decide what weight to accord the evidence. Olsten Health Servs., Inc. v. Ark. Health Servs. Comm'n , 69 Ark. App. 313, 12 S.W.3d 656 (2000). While it is true that evidence of bruising, standing alone, cannot be used as a legal litmus test for abuse to the exclusion of all other attendant circumstances, Ark. Dep't of Human Servs. v. Holman , 96 Ark. App. 243, 240 S.W.3d 618 (2006), the ALJ found cuts, bruises, and welts. In fact, the ALJ focused not on the bruises but instead on the fact that V.S. suffered broken skin on her upper back and upper arm and red linear marks on her upper arm. Smith does not acknowledge or address these injuries. Because this court gives the evidence its strongest probative force in favor of the administrative agency's decision, we hold that there was substantial evidence to support the ALJ's decision.
B. Failure to Notify
Smith was entitled to notice of the true report under Ark. Code Ann. § 12-12-512(c)(1), which was repealed in 2009. The current version under the Child Maltreatment Act, Ark. Code Ann. § 12-18-703(a) (Repl. 2016), provides that DHS shall notify each alleged offender of the child-maltreatment investigative determination, whether true or unsubstantiated. We agree with Smith that he did not receive timely notice of the true report and an opportunity to be heard before having his name added to the registry. The ALJ specifically entertained the issue of whether Smith received notice in 2002 and ultimately found that he did not. The ALJ provided the only remedy available at the time when it afforded Smith an opportunity to be heard on the abuse allegations in August 2016.
Smith argues that DHS's failure to notify him of the investigative determination until 2015 violated his due-process rights. The Arkansas Supreme Court has held that a party appearing before an administrative agency is entitled to due process in the proceedings. C.C.B. v. Ark. Dep't of Health & Human Servs. , 368 Ark. 540, 247 S.W.3d 870 (2007). Smith, however, did not raise this specific argument before either the ALJ or the circuit court. It was Smith's obligation to raise an issue first to the administrative agency and obtain a ruling in order to preserve an argument for appeal. See Odyssey Healthcare Operating A. LP v. Ark. Dep't of Human Servs. , 2015 Ark. App. 459, 469 S.W.3d 381.
C. Failure to Conduct a Timely Hearing
Arkansas Code Annotated section 12-18-801(a)(1)(A) (Repl. 2009) provided that the administrative-hearing process must be completed within 180 days "from the date of the receipt of the request for a hearing, or the administrative law judge shall enter an order overturning the investigative agency's investigative determination of true. " (Emphasis added.) The statute was amended in 2013 and now provides that "[t]he administrative hearing under this chapter shall begin within one hundred eighty (180) days from the date of the receipt of the request for a hearing." Ark. Code Ann. § 12-18-801(a)(1)(A) (Repl. 2016). The language from the previous version of the statute about overturning the decision in the case of an untimely hearing was omitted.
According to Smith, he was not aware that his name was on the registry until 2015 when DHS notified him that it had released information concerning the true child-maltreatment report to the Conway Human Development Center, where he had applied for a job. Although the ALJ
*297 found in the final order that Smith did not request a hearing until July 27, 2016, there is some evidence in the record that suggests Smith may have filed an appeal in August 2015, meaning that he did not get a hearing until approximately one year after his request.
Smith's argument is not preserved for review because he did not first raise the matter before the ALJ. Appellate courts have repeatedly held that they will not set aside an administrative determination on a ground not presented to the agency because to do so would deprive the agency of the opportunity to consider the matter, make its ruling, and state the reasons for its action. Sheppard v. Ark. Alcoholic Beverage Control Bd. , 2014 Ark. App. 604, 447 S.W.3d 614. Although Smith did raise this argument to the circuit court, no specific ruling was obtained. See Odyssey , supra.
Affirmed.
Harrison and Klappenbach, JJ., agree.