Cite as 2022 Ark. App. 275

# ARKANSAS COURT OF APPEALS
DIVISION IV
No. CV-21-208

LINDA BOLDING

APPELLANT

V.

ARKANSAS PUBLIC EMPLOYEES
RETIREMENT SYSTEM; ARKANSAS
PUBLIC EMPLOYEES RETIREMENT
SYSTEM BOARD; CANDACE FRANKS,
IN HER OFFICIAL AND INDIVIDUAL
CAPACITY; LARRY WALTHER, IN HIS
OFFICIAL AND INDIVIDUAL
CAPACITY; DAVID HUDSON, IN HIS
OFFICIAL AND INDIVIDUAL
CAPACITY; STEVE FARIS, IN HIS
OFFICIAL AND INDIVIDUAL
CAPACITY; DARYL BASSETT, IN HIS
OFFICIAL AND INDIVIDUAL
CAPACITY; GARY CARNAHAN, IN HIS
OFFICIAL AND INDIVIDUAL
CAPACITY; JOE HURST, IN HIS
OFFICIAL AND INDIVIDUAL
CAPACITY; ANDREA LEA, IN HER
OFFICIAL AND INDIVIDUAL
CAPACITY; DENNIS MILLIGAN, IN
HIS OFFICIAL AND INDIVIDUAL
CAPACITY; AND DUNCAN BAIRD, IN
HIS OFFICIAL AND INDIVIDUAL
CAPACITY

APPELLEES

Opinion Delivered June 1, 2022

APPEAL FROM THE PULASKI
COUNTY CIRCUIT COURT, FOURTH
DIVISION
[NO. 60CV-19-4050]

HONORABLE HERBERT T. WRIGHT,
JUDGE

AFFIRMED

**BART F. VIRDEN, Judge**

Appellant Linda Bolding appeals from the Pulaski County Circuit Court's order affirming a decision by the Arkansas Public Employees Retirement System (APERS) Board of Trustees denying Bolding's claim that she is entitled to a cost-of-living adjustment (COLA).[1] On appeal to this court, Bolding argues that the circuit court erred in affirming the agency's decision. We uphold the agency decision and affirm the circuit court.

## I. *Background*

Bolding was a municipal court clerk in Dermott for approximately twenty years when she retired January 1, 1991. She received monthly retirement benefits from her local plan, the Dermott Municipal Clerk Retirement Fund. On January 1, 2005, Bolding's monthly retirement benefits were transferred from her local plan to the Arkansas District Judge Retirement System (ADJRS) and began being administered by APERS. Pursuant to Ark. Code Ann. § 24-4-750 (Repl. 2014), ADJRS was abolished July 1, 2007, but Bolding continued to receive her same monthly retirement benefits from APERS without interruption.

According to Ark. Code Ann. § 24-8-902(a) (Repl. 2014), a local government that has established a municipal judge's retirement fund shall contribute an amount of money to

---

[1]When Bolding filed her complaint in circuit court, she added individual board members as defendants; however, there is no indication in the record that any of the board members were served with a summons and complaint, other than the executive director of APERS. Arkansas Rule of Civil Procedure 54(b)(5) dismisses, by operation of law, any claim against a named but unserved defendant when the circuit court enters what is otherwise a final adjudication. Also, Bolding specifically abandoned any pending but unresolved claims in her notice of appeal. Ark. R. App. P.–Civ. 3(e)(vi).

2

APERS that shall represent the actuarially determined accrued liability for those court clerks and former court clerks who are covered by the municipal judge's retirement fund on December 31, 2004. Section 24-8-903(a) (Repl. 2014) further provides that "all municipal court clerks and district court clerks who are members of a municipal judge's retirement fund on December 31, 2004, shall become members of [APERS] on January 1, 2005."

In December 2018, Ross Bolding called APERS to inquire why his wife, Linda, had never received a COLA from APERS.[2] Mr. Bolding and then acting executive director of APERS, Frank J. Wills III, exchanged email correspondence in which Mr. Bolding asserted that, as a member of APERS per statute and a retiree, his wife was entitled to a 3 percent COLA according to APERS's own website, which states the following:

> Retirees (including participants of the Deferred Retirement Option Plan (DROP)) receive an annual 3 percent cost-of-living increase in their retirement benefit on July 1 of each year once they have been retired or participated in the DROP for twelve months.

Wills denied Bolding's application for a COLA, stating that Bolding was added to APERS as an existing retiree from her local plan and that she had no actual service credit under APERS to become a vested member. He explained that APERS merely took over administration of her benefits. That decision was appealed to the APERS Board of Trustees (Board), which held a hearing at which both Mr. Bolding and Wills testified. Wills, who had become deputy director of APERS, testified that municipal and district court judges and

---

[2]According to Mr. Bolding, his wife is totally disabled, "in very frail health," and unable to attend to her own business.

clerks *who were still working* became members of APERS on January 1, 2005; however, Bolding was brought in as an existing retiree from her local plan. Wills stated that he contacted the current city clerk of Dermott, who said that she had been there "a while" and that she did not believe the local plan ever had a COLA. Wills testified that the local plan from which Bolding had retired paid APERS the actuarial value of its retired members' benefits but did not pay for a COLA. He explained that APERS simply took over administration of those benefits. Wills further testified that Bolding had not vested in APERS because she had long since retired in 1991.

Mr. Bolding testified that Ark. Code Ann. § 24-8-903 provides that Linda became a *member* of APERS on January 1, 2005, and that she was therefore entitled to an annual 3 percent COLA according to APERS's website. He said that Linda had been receiving a check from APERS because she is a member. Mr. Bolding further testified that APERS's website provides that there are two types of members—active and retired—and that Linda is a retired member. Mr. Bolding asserted that the law does not mention vesting. Mr. Bolding did not know whether Linda's retirement package was accompanied by an explanation of benefits, which would have included information about a COLA, because that was a long time ago. Mr. Bolding testified that Linda's monthly benefit amount of $624.99 had not changed since she became a member of APERS.

The APERS Board unanimously upheld the acting executive director's denial of Bolding's application for a COLA and found the following facts:

1. Bolding retired from the Dermott Municipal Clerk Retirement Fund effective January 1, 1991.

2. The Dermott Municipal Clerk Retirement Fund did not provide for cost of living increases for its retirees such as Bolding.

3. At no time since her 1991 retirement did Bolding vest in APERS. She had no service credit in APERS at any time following December 31, 2004.

4. On January 1, 2005, all municipal and district court clerks, including Bolding, who had been participating in the various municipal retirement plans were transferred to APERS and the existing municipal retirement plans were abolished.

5. At that time, APERS assumed the administration of existing municipal retirees' retirement benefits that were being paid under those abolished municipal plans.

6. The City of Dermott Municipal Clerk Retirement System, not having a COLA for its retirees, made no payment to APERS for the COLA benefit Bolding now seeks.

7. Bolding was added to the APERS rolls as a retiree, not as an active member.

8. Bolding's APERS-administered retirement benefits are unchanged from those originally paid to her by the City of Dermott Municipal Clerk Retirement System. Bolding never received a COLA from the City of Dermott Municipal Clerk Retirement System and has not received a COLA from APERS.

The Board further made the following conclusions of law:

1. Effective January 1, 2005, administration of the Dermott Municipal Clerk Retirement Fund, of which Bolding was a retiree, was transferred to APERS. *See*, A.C.A. 24-8-903.

2. The Dermott Municipal Clerk Retirement Fund was required to pay APERS the actuarially-determined cost of Bolding's retirement benefits as a condition of its assuming the administration of those benefits. *See*, A.C.A. 24-8-902(a).

3. The Dermott Municipal Clerk Retirement Fund never paid APERS for a COLA benefit for Bolding; therefore, she is not entitled to a COLA from APERS as a result of her municipal retirement benefits being administered by APERS.

4. Bolding never vested in APERS; therefore, she is not entitled to a COLA from APERS.

Bolding appealed to circuit court, which affirmed the Board's decision and found that Bolding had been provided with the proper procedure and review and that there was substantial evidence to support the Board's decision. Bolding then appealed to this court.

## II. *Standard of Review*

Review of administrative agency decisions, by both the circuit court and an appellate court, is limited in scope. *Smith v. Ark. Dep't of Human Servs.*, 2018 Ark. App. 438, 559 S.W.3d 291. The review by an appellate court is directed not to the decision of the circuit court but rather to the decision of the administrative agency. *Id.* It is not the role of the circuit court or an appellate court to conduct a de novo review of the record; rather, review is limited to ascertaining whether there is substantial evidence to support the agency's decision. *Id.* Substantial evidence is defined as "valid, legal, and persuasive evidence that a reasonable mind might accept as adequate to support a conclusion and forces the mind to pass beyond conjecture." *Ark. Dep't of Human Servs. v. A.B.*, 374 Ark. 193, at 199, 286 S.W.3d 712, at 717 (2008) (quoting *Ark. State Police Comm'n v. Smith*, 338 Ark. 354, 362, 994 S.W.2d 456, 461 (1999)). The challenging party has the burden of proving an absence of substantial evidence. *Id.* To establish an absence of substantial evidence, the challenging party must demonstrate that the proof before the administrative agency was so nearly undisputed that fair-minded persons could not reach its conclusion. *Id.* The question is not whether the

testimony would have supported a contrary finding but whether it supports the finding that was made. *Id.*

The Arkansas Supreme Court has previously noted that administrative agencies are better equipped than courts, by specialization, insight through experience, and more flexible procedures, to determine and analyze underlying legal issues affecting their agencies. *Holloway v. Ark. State Bd. of Architects*, 352 Ark. 427, 101 S.W.3d 805 (2003). This recognition accounts for the limited scope of judicial review of factual issues and the refusal of an appellate court to substitute its judgment and discretion for that of the administrative agency. *Ark. Dep't of Human Servs. v. Haen*, 81 Ark. App. 171, 100 S.W.3d 740 (2003). Thus, in making the substantial-evidence determination, we review the entire record and give the evidence its strongest probative force in favor of the agency's ruling. *Mitchell v. Ark. Dep't of Human Servs.*, 2021 Ark. App. 162, 622 S.W.3d 644. Between two fairly conflicting views, even if the reviewing court might have made a different choice, the agency's decision must not be displaced. *Id.*

Agency interpretations of statutes, however, are reviewed de novo. *Myers v. Yamato Kogyo Co., Ltd.*, 2020 Ark. 135, 597 S.W.3d 613. After all, it is the province and duty of the appellate courts to determine what a statute means. *Id.* In considering the meaning and effect of a statute, we construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language. *Id.* An unambiguous statute will be interpreted based solely on the clear meaning of the text; however, where ambiguity exists, the agency's interpretation will be one of our many tools used to provide guidance. *Id.* It is axiomatic that

7

the appellate courts strive to reconcile statutory provisions to make them consistent, harmonious, and sensible. *McLemore v. Weiss*, 2013 Ark. 161, 427 S.W.3d 56.

The Arkansas Administrative Procedure Act (APA) provides that a reviewing court may reverse or modify the agency's decision if it concludes that the substantial rights of the petitioner have been prejudiced because the administrative findings, inferences, conclusions, or decisions are (1) in violation of constitutional or statutory provisions, (2) in excess of the agency's statutory authority, (3) made upon unlawful procedure, (4) affected by other error or law, (5) not supported by substantial evidence of record, or (6) arbitrary, capricious, or characterized by abuse of discretion. Ark. Code Ann. § 25-15-212(h) (Supp. 2021). Bolding argues that the circuit court erred in affirming the Board's decision because its decision falls within section 25-15-212(h)(1), (4), (5), and (6).

III. *Discussion*

Relying on both Ark. Code Ann. § 24-8-903(a) and APERS's website, Bolding argues that she became a member of APERS and was thus entitled to an annual 3 percent COLA as a retiree. Bolding argues that, although the Board focused on whether she had vested in APERS, neither section 24-8-903(a) nor APERS's website uses that term. Bolding argues that Wills offered no evidence at the hearing before the Board as to what benefits were originally included with her local retirement plan; therefore, there was not substantial evidence to support the agency's decision that her local plan did not include a COLA.

8

Before addressing these arguments, we note that Bolding raises several other arguments and cites various statutes in support. It is an elementary principle of administrative law that an issue must be raised at the hearing below in order to be raised on appeal. *Stilley v. Sup. Ct. Comm. on Prof'l Conduct*, 370 Ark. 294, 259 S.W.3d 395 (2007). We do not address Bolding's additional arguments raised for the first time on appeal.

Turning to the arguments that Bolding made below and on appeal, we first note that Bolding had the burden of both establishing entitlement to a benefit such as a COLA[3] and demonstrating a lack of substantial evidence to support the agency's decision. Bolding failed to show that her local plan included an annual COLA or that her local plan had paid APERS for a COLA. Indeed, a COLA is not mentioned in subchapter 3 of chapter 8 covering municipal judges and clerks. Moreover, Bolding's monthly retirement benefits under Ark. Code Ann. § 24-8-311 (Repl. 2014) had not changed since she retired in 1991. In other words, the record supports the Board's finding that Bolding had never received a COLA from her local plan.

The language of Ark. Code Ann. § 24-8-903(a) must be read in conjunction with other relevant statutes, including those related to vesting as a member of APERS. We note that Bolding relied, in part, on an exhibit that specifically provides for *vesting* as a prerequisite to entitlement to benefits. Exhibit B, which was attached to both her original and amended

---

[3]*See, e.g.*, *Williams v. Scott*, 278 Ark. 453, 647 S.W.2d 115 (1983) (affirming an agency decision that the applicant failed in her burden to prove entitlement to Medicaid benefits).

9

complaints, is a page from APERS's website and provides the following: "With at least 5 years of service credit, you are vested for (or entitled to) a lifetime retirement benefit."

Bolding was a member of her local plan until January 1, 1991, when she retired from that local plan. To the extent that Bolding became a member of APERS on January 1, 2005, she failed to prove that she subsequently accrued at least five years of service credit under APERS to become a *vested* member of APERS, which would have entitled her to benefits under APERS, such as a COLA.[4] Further, while Bolding was a retiree from her local plan, she was *not* a retiree of APERS, considering that "retirant" or retiree means a person who is a vested member of APERS. Ark. Code Ann. § 24-4-101(40)(A) (Supp. 2021). Bolding was brought into APERS as an existing retiree from her local plan, and APERS merely administered her benefits based on what her local plan had paid APERS. As noted above, substantial evidence supports the Board's finding that Bolding's local plan did not include a COLA, and we conclude that she was not entitled to a COLA under APERS pursuant to section 24-8-903(a) because she failed to show that she had become a *vested* member. Viewing the evidence in the light most favorable to the agency's decision, we hold that there is substantial evidence to support the Board's decision and, as such, it follows that the decision cannot be classified as unreasonable or arbitrary. *Smith, supra.*

Affirmed.

HARRISON, C.J., and VAUGHT, J., agree.

---

[4]Vesting requirements under APERS are found at Ark. Code Ann. §§ 24-4-508 and 24-4-1103 (Repl. 2014).

10

*Ogles Law Firm, P.A.*, by: *John Ogles*, for appellant.

*Laura Mack Gilson*, Chief Legal Counsel, for separate appellee Arkansas Public Employees Retirement System.